* Johnson, Justice,
 

 delivex-ed the opinion of the coux’t. — The facts and merits of this case lie in a vex-y narrow compass. The action is replevin, sued out of the cii-cuit court of the United States for the distinct of New Jersey. The case presented by the pleadings is this : In the year 1827, one Higgins sued out sevex-al attachments in the state court, both against this plaintiff and one R. M. Livingston. Smith is sheriff of the state, and, as such, on the 2d of November-, he arrested a steamboat, as the property of R. M. Livingston ; and again, on the 4th of the same month, he seized the same boat, as the property of this plaintiff, J. R. Livingston. J. R. Livingston, being a citizen of New York, brings this suit in a court of the United States, and counts in the ordinary form of the declaration in x-eplevin. Smith avows and justifies under the two attachments ; and Livingston, in a variety of replications, seeks to repel this justification :
 

 1. On the plea of payment to the plaintiff in attachment, subsequent to the attachment, but without notice to the sheriff Smith, or any averment of discontinuance, other than what may be gathered from facts stated, from which a discontinuance might have been matter of deduction or inference. This plea is certainly insufficient in mattei’, and defective in form.
 

 2. On the plea of an accord made prior to the suit; by which it was agreed by Higgins to receive certain promissory notes, which, when paid, should be in full satisfaction of the debt, whicli notes were duly paid at maturity. On this plea, there has been some difference of opinion: but besides that it does not aver an agreement to discontinue, admitting that, as against the plaintiff in the attachment, it would have been a good defence ; the question still recurs, can a sheriff, without notice, be responsible for levying an attachment on a satisfied debt, or for not redelivering the property attached, without a discontinuance, ox-, at least, notice of the satisfaction? We say .nothing of the rights orx-emedies of the defendant ip attachment against the plaintiff : the question here is, whether the sheriff, under
 
 *63
 
 such circumstances, is not *warranted by his writ in proceeding to¡ act. How can he undertake to decide the question of liability between the parties ; or what security has he against the plaintiff, should he act erroneously in not pursuing the exigencies of his writ? No question of property is here raised between him and the defendant; for the levy and detention and plea, all affirm the property to be in the defendant in attachment. This plea, therefore, makes out no cause of action.
 

 3. On the plea of discontinuance of record ; but this is obviously and radically insufficient, since the date of the discontinuance is expressly subsequent to the institution of the suit. This is admitting that there was no cause of action at the time of its institution. It does not raise the question, whether a subsequent unlawful act may not make the sheriff a trespasser
 
 ab initio ;
 
 nor whether replevin nay not be brought for unlawful detention as well as unlawful taking ; since, in either case, the cause of action must precede its institution.
 

 4. On the plea that the goods, when attached as the property of this plaintiff, were in fact in posession of the sheriff under the attachment against R. M. Livingston, and the levy made thereon two days previously. But what cause of action does this make out for this plaintiff ? If they were the property of another, he has nothing to complain of ; and if they were his, there was the attachment against himself to justify the taking. A previous attachment, as the right of another, could not divest his interest; and the property being in the hands of the sheriff, as his bailee, or to his use, could not divest the sheriff of the right to seize or detain it under a writ against him.
 

 These remarks dispose of the pleas to the first cognisance. To the second, the plaintiff relies on the pleas :
 

 1. That the property was not, at the time of the attachment levied, in the possession of R. M. Livingston. But this is certainly tendering an immaterial issue ; since it matters not in whose possession the property is found, if the taking be otherwise rightful.
 

 2. That the property was his own, at the time it was attached as the property of R. M. Livingston, and not the property of R. M. Livingston. And this plea probably presents the only question intended by the suit: but unfortunately, it comes *embarrassed with circumstances which render
 

 it impossible to consider the merits in this suit. Had this plaintiff *- taken measures to disembarrass his case of the attachment against himself, before he brought suit, the defendant must have met him upon the question of property. But this plea does not go to the whole justification, since, admitting the truth of it, it still leaves the property liable to the attachment against himself. To this must be added, a defect in conforming the language of the traverse to the interest of R. M. Livingston ; since the right of the plaintiff generally, and not as against R. M. Livingston alone, was necessary to maintain his action.
 

 These views of the subject render it unnecessary to examine the more general question made upon the relation in which these two courts stand to each other ; and we only notice it, to avoid any misapprehension that might possibly occur from passing it over unnoticed. Upon the whole, the majority of the court are of Opinion, that the demurrers were rightly sustained ; and the judgment below is affirmed, with costs.
 

 
 *64
 
 This canse came on to be heard, on the transcript of the record from the circuit court of the United States for the district of New Jersey, and was argued by counsel : On consideration whereof, it is considered, ordered and adjudged by this court, that the judgment of the said circuit court in this cause be and the same is hereby affirmed, with costs.