100   339
126   160

[No. 15188.   Department One.—November 20, 1893.]

# FRANK McCLURE, Respondent, v. N. H. McCLURE, Appellant.

Contract—Consideration—Compromise of Litigation—Husband and Wife.—A compromise agreement between a husband and wife by which they both agree to dismiss pending litigation between them is a sufficient consideration for a note and mortgage given to the wife by the husband, where the agreement remains unrescinded, and there is no pretense of fraud or imposition or that the compromise suits were not brought and defended *bona fide*.

Id.—Compromise of Litigation Favored—Family Settlements.—A promise to compromise a suit brought *bona fide* on probable cause is a valid consideration for a contract, even though the suit should be held to be unfounded. Not only will such agreements be sustained, in the absence of fraud, but they are highly favored as productive of peace and goodwill in the community, and reducing the expense and persistency of litigation, and this is especially so of family settlements, where the courts will not undertake to weigh actual loss or gain, unless there be an imposition.

Appeal from a judgment of the Superior Court of Lake County, and from an order denying a new trial.

The facts are stated in the opinion.

*Hudson & Sayre*, for Appellant.

*Thomas B. Bond*, and *Woods Crawford*, for Respondent.

Vancliff, C.—Action to foreclose a mortgage executed by defendant to secure his promissory note for two thousand dollars made to his wife, Mrs. M. E. McClure, and by her assigned to the plaintiff, who is the son of defendant and his said wife.

The only defense upon which any point made here is that there was no consideration for the note or mortgage.

The judgment was in favor of the plaintiff, and defendant appeals from the judgment and from an order denying his motion for a new trial.

It is contended by counsel for appellant that the evidence does not justify the finding by the court, that

there was "a valuable and adequate consideration" for the execution of the note and mortgage.

The making of the note and mortgage was one of the results of a compromise of pending lawsuits between defendant and his wife.

On April 5, 1887, defendant and wife with minor children were residing on the mortgaged premises, which were then community property of the husband and wife, but had not been selected or recorded as a homestead by either. On that day, on account of some difference between them, the defendant angrily ordered his wife to leave their home. Thereupon they divided their household furniture and provisions of food, and she left her house and went to a house which she leased about a mile from the mortgaged premises, saying then, and often afterwards, that she intended never to return to or to live with her husband; and she never did. About three weeks after thus leaving, she made and filed her declaration of homestead on the mortgaged premises containing among other things the following: "I do now, at the time of making this declaration, actually reside with my husband and family on the land, but am temporarily abiding off said land and premises."

On October 15, 1887, the defendant commenced an action against his wife to quiet his title against her claim of homestead, and to annul her recorded declaration thereof, as a cloud upon his title, on the ground that she was not residing on the land at the time said declaration was made and recorded.

On July 3, 1888, the defendant commenced another action against his wife for a divorce, on the alleged ground of her willful desertion. To this complaint she answered, denying that she had willfully deserted, etc., and also filed a cross-complaint praying for a divorce from her husband, but upon what ground does not appear.

On December 19, 1888, the divorce case was called for trial, when the attorney for the plaintiff therein asked for a recess for the purpose of effecting a compromise of the matters of difference between the parties, which

was granted. During the recess the terms of a compromise of the action and cross-action for divorce and the action to annul the declaration of homestead were agreed upon, and were entered in the minutes of the court in connection with the dismissal of those actions as follows:

"The plaintiff appearing in person and by J. M. Hamilton, Esq., and C. F. Fishback and S. K. Welch, Esq., and defendant appearing in person and by R. W. Crump, her counsel, and on motion of counsel for plaintiff the action of *N. H. McClure* v. *M. E. McClure* is dismissed, and the cross-complaint of the defendant herein in this action is, on motion of counsel for defendant, dismissed, and the action of *N. H. McClure* v. *M. E. McClure* to quiet title to real estate is, by consent of counsel, dismissed. Each party in each case is to pay his own costs respectively.

"It is agreed between the parties that N. H. McClure shall execute to M. E. McClure a note for two thousand dollars, due one year from January 1, 1887, with interest at ten per cent, secured by mortgage on the property claimed in this action to be community property, situate near Upper Lake in this county. M. E. McClure agrees to convey to N. H. McClure all her right, title, and interest in and to said property claimed to be community property, and to relinquish the homestead filed thereon by her and to assign the policy of life insurance taken out by N. H. McClure for her benefit to the said N. H. McClure, from all claims or demands against him whatsoever of record or otherwise. Both parties agree that each will convey to the other by quitclaim deed his interest or pretended interest in the property of the other in the state of Missouri."

The defendant testified that he agreed to this compromise reluctantly, but was induced to do so by the advice of his attorneys. Mr. Crump, the attorney for the wife in the divorce suit, testified that Mr. Fishback, attorney for the husband in that suit, drew all the papers relating to the compromise in such form as he desired, and that he thinks they were all executed at

the time the note and mortgage were executed; and there is no evidence to the contrary. Nor is there any evidence that the wife had not fully performed her part of the compromise agreement before this action was commenced; though it is contended that the mode adopted by Mr. Fishback to divest her of her alleged homestead right was not effectual. The mode adopted was a conveyance by the wife to the husband of all her rights and interest in the community property, including the homestead. It is claimed that her homestead right (if she had any such right) could have been divested or abandoned only by the joint act of herself and husband in the mode provided by sections 1243 and 1244 of the Civil Code; and upon this alone depends defendant's contention that there was no consideration for the note and mortgage.

It is unnecessary to determine what was the effect of the wife's declaration of homestead, made and recorded under the circumstances above stated; nor is it necessary to determine what effect her conveyance to her husband of all her right to community property had upon her disputed right to a homestead. It is not questioned, nor is it questionable, that the compromise agreement was a sufficient consideration for the note and mortgage while it remained unrescinded, and after its terms had been performed on the part of the wife, in the mode dictated by the husband through his learned attorneys, it not appearing that she was ever requested to perform, or refused to perform, in any other mode. Besides, she could not have abandoned the homestead in the mode prescribed by the code without the concurrent abandonment thereof by her husband; nor, if the agreement required her to abandon in that mode, could she have been put in default without the offer of the husband to join her in the act. While the compromise agreement subsisted as a valid contract it remained a valid consideration for the note and mortgage, whether fully performed by the wife or not. Doctor Wharton, in his work on Contracts, section 533, says:

"As has been incidentally noticed, a promise to compromise a claim utterly unfounded will not be regarded as a valid consideration. . . . . It is otherwise when a suit is brought *bona fide* on probable cause; and a promise to compromise such suit is a valid consideration, even though the suit should be held to be unfounded. Were it otherwise, there could be no compromise of litigation, since there is no litigation in which one or the other party, if the case be pressed to judgment, does not fail to make out his case. Not only will such agreements, when there is no fraud, be sustained by the courts, but they are highly favored as productive of peace and goodwill in the community, and reducing the expense and persistency of litigation. The rule is peculiarly applicable in family settlements, where right and wrong on both sides are so often dependent on feeling; in which cases the courts, unless there be an imposition, will not undertake to weigh actual gain or loss."

In this case there is no pretense of fraud or imposition, nor is it pretended that the compromised suits were not brought and defended *bona fide*.

It is further to be observed that Mrs. McClure died on January 31, 1890, two days after having assigned the note and mortgage to the plaintiff, who had assisted in supporting her after her separation from her husband. It would seem that her death, under the circumstances, relieved defendant's title from any cloud caused by her declaration of homestead, though this question is not necessarily involved, and need not be decided.

I think the judgment and order should be affirmed.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

HARRISON, J., PATERSON, J., GAROUTTE, J.