AUGUST TESSENDORF, MICHAEL TESSENDORF AND
HERMAN TESSENDORF v. J. B. LASATER, A. W.
POST, AND THE CITIZENS STATE BANK OF HAVENS-
VILLE, KAN.

**No. 686.*   (61 Pac. 677.)**

CONTRACTS—*Consideration—Compromise of Disputed Claim.*
T. held a conveyance of land from the Union Pacific Railway
Company, the same being a part of its grant, but for which no
patent had been issued. L. and P. made entry of the land in
separate tracts, under the act of congress of 1862–'64, providing
for homesteads on the public domain, and certificates for the en-
tries were given them therefor. They then entered upon the land
and began making improvements. After negotiations and an
examination of the records of the land-office, T. gave his note to
them for $600 and paid them $400, in consideration of their re-
linquishing possession of the land and surrendering and having
canceled their entries, and thereupon T. and his son made like
entries, the entire transaction being in good faith. *Held*, that the
settlement of the disputed claim and the relinquishment of the
entries and possession thereunder constituted a sufficient con-
sideration for the promise to pay money, notwithstanding the fact
that the entries and possession thereunder were invalid for the
reason that the land passed by the grant and was not subject to
entry.

Error from Pottawatomie district court; WM.
THOMSON, judge. Opinion filed June 15, 1900. Af-
firmed.

*Petition for order to certify denied by supreme court August 14,
1900.—REP.

*Codding & Challis*, for plaintiffs in error.
*James J. Hitt*, for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J.: The plaintiffs in error sought to enjoin the negotiation or transfer of a promissory note given by them to Lasater and Post, which had been deposited with the defendant bank as collateral security to an antecedent debt, without indorsement. The petition charges deceit and fraud by a misrepresentation of the facts concerning the transaction out of which the note grew.

August Tessendorf held the deed of the Union Pacific Railway Company for a tract of land assumed to be a part of its grant, but for which it had never obtained a patent. Lasater and Post made their several homestead entries upon this land, which were received by the officers of the government in charge of the land-office, and certificates were issued to them. They thereupon went upon the respective tracts of land covered by their entries under the act of congress of 1862–'64. After an examination of the records of the land-office at Topeka, and after considerable negotiation, the Tessendorfs gave their promissory note and $400 in money to Lasater and Post in consideration of their abandoning possession of the land, and relinquishing their entries, whereupon the Tessendorfs made similar homestead entries thereof.

The suit for an injunction proceeded upon the theory that, inasmuch as the right of the railway company to the land was established, that fact rendered the promise nugatory, and left the note and the payment of the money without consideration. The charges of fraud and misrepresentation were not sustained.

Tessendorf v. Lasater.

The court trying the case found that the defendants acted in good faith, believing that they had valid homestead entries. Upon these facts, the trial court rendered judgment for the defendants dissolving the injunction, and for costs.

The principal contention, based on the eighth, ninth and twelfth findings of the court, is that the note is wholly without consideration. The eighth finding relates entirely to the claim of the bank to be a *bona fide* purchaser without notice of the invalidity of the note. The ninth finding is to the effect that the only consideration for the payment of the $400 and giving of the note was the abandoning of the possession of the land and the relinquishment of their homestead entries thereof. And the twelfth finding is that the land was in fact a part of the grant to the railway company; that is, in effect, that the homestead entries of the defendants were invalid, and that they, therefore, at the time of the promise, in fact had no claim to the land. The answer to this position is that the defendants did believe that they had homestead rights, and that the plaintiffs were so far in doubt at the time that they preferred to compromise on the terms they did rather than contest the validity of their claim, and thereby induced the defendants to surrender their claims and assume a different position towards the property than they had before.

The settlement of the disputed claim and the relinquishment of the possession and the entry, although invalid, constituted a sufficient consideration to sustain the promise. It is not open to the plaintiffs in this suit to investigate the question whether those entries were valid or not. The validity of the contract does not depend upon the validity of the entries or upon the rightfulness of the defendants' possession of

the land thereunder. (*Union Bank of Georgetown v. Geary*, 5 Pet. 98, 8 L. Ed. 60; *Keefe v. Vogel*, 36 Iowa, 87; *McClure v. McClure*, 100 Cal. 339, 34 Pac. 822; *Lapham v. Head*, 21 Kan. 332; *Hardesty v. Service*, 45 Kan. 614, 26 Pac. 29.) The fact that the contract is an improvident one, if such it be, does not justify the court in ignoring it. The transaction was in entire good faith. The plaintiffs had legal capacity therefor, and the consideration is a valid one. See, also, 6 A. & E. Encycl. of L. (2d ed.), pp. 711, 731, 732; *Honeyman et al. v. Jarvis*, 79 Ill. 318.

The findings of fact sustain the judgment of the court, and it is, therefore, affirmed.