## DAMAGES FOR FALSE REPRESENTATIONS.

Common Pleas Court of Franklin County.

SAMUEL B. RIDENOUR v. EMMA J. CHAMBERLAIN.

Decided, October, 1910.

*Building Contracts—Liability of Owner for False Representations to a Sub-contractor—As to the Amount Remaining Due to the Principal Contractor—Privity in Tort—Presumption that the False Representations Were Made to Induce the Sub-contractor to Complete the Work.*

An action for damages for false representations will lie where brought by a sub-contractor against the owner of the building whereon the sub-contractor performed labor and furnished materials upon the faith of representations made by the owner to the sub-contractor that there was money enough on hand to pay all the bills and leave the general contractor a nice profit, whereas but a very small sum remained due to the general contractor as the owner well knew, and the general contractor was insolvent.

*T. J.* and *J. M. Lewis,* for plaintiff.
*E. L. Berry,* contra.

KINKEAD, J.

This is an action to recover damages for alleged fraudulent misrepresentation made by the defendant as a property owner, who was building a house, to the plaintiff, who was a sub-contractor engaged in the construction of such house.  The representation is alleged to have been made, at the request of the plaintiff, by the defendant with reference to the amount of money which defendant had on hand still due the general contractor who had employed the plaintiff to plaster the house.

A demurrer was sustained to the original petition on the ground that the facts stated did not constitute a cause of action. The matter is pending upon application for leave to amend.  The allegations in the proposed petition are that the plaintiff,

"before commencing the plastering of said house  *  *  * was informed that said Marlow (who was the general contractor) had drawn all the money but $400 that he was to get for con-

structing said house and for doing said work in connection therewith and furnishing the materials therefor, and thereupon and for the purpose of ascertaining the truth of said information this plaintiff inquired of the defendant whether there was but said sum of $400 still remaining in her hands for paying said Marlow for constructing said house as aforesaid, and this plaintiff further informed defendant that if said Marlow had but $400 coming to him for completing the construction of said house as aforesaid, he, the said plaintiff, would not proceed with the plastering of said house, and that he would be obliged to get the money for his work out of the job, as said Marlow had no property, and that $400 would not finish said house, and that plaintiff's bill alone would be $224. The defendant then informed the plaintiff in answer to said inquiries that she had retained in her possession enough money, that said Marlow was to receive for constructing said house, to finish it and leave said Marlow a nice profit.''

Then follows the usual allegations of reliance upon said representations, and that plaintiff proceeded to and did lath and plaster the house, followed by the averment:

''That the representations of defendant to plaintiff with reference to having retained enough money to finish said house were false and fraudulent, and all of this was well known to the defendant at the time she made them to plaintiff; that said false and fraudulent representations were made by plaintiff to defendant for the purpose of inducing plaintiff to lath and plaster said house; that at the time defendant made said representations to plaintiff, she had paid all but $94 on the contract price to said Marlow for constructing said house. That at all the times mentioned in this petition the said Marlow was insolvent, and that the fact was well known to the defendant; that said Marlow has not paid plaintiff anything for lathing and plastering said house, and that an action at law to recover for lathing and plastering said house against said Marlow will be of no avail, as said Marlow is insolvent.''

The prayer is for $224 damages, which is the cost of doing the work.

The facts as they are averred in the petition present a somewhat different situation than did the first petition. Generally speaking, there is no such thing as privity in tort, yet it has been said:

"For an injury, however gross, there can be no recovery unless there exists between the person inflicting the injury and the one injured, some privity, by contract or otherwise, by reason of which the former owes some legal duty to the latter." *Buckley* v. *Gray*, 100 Cal., 339 (52 Am. St., 88); *Kinkead on Tort*, Section 7.

There is cited the case of *Daniel* v. *Robinson*, 66 Mich., 296 and 299, which is very much like the case presented by the petition under consideration. The relations between the parties there were exactly like these between the parties here. The representation was made by the one in that case to the sub-contractor that the latter would be safe in furnishing brick required by him in constructing certain houses, and that there was no danger in doing so; and that he would get his pay for any brick he might furnish to the general contractor; that the material would be paid for in full first, and there was plenty of money to pay it, and then the contractors would get the balance. That the plaintiff should go on and deliver the brick as ordered, and after he had got it delivered to send his bill into the architect's office, the agent of the owner who was making the representation, and that he would be paid by the owner himself. The brick was delivered and the general contractor did not pay the sub-contractor for the same, and a suit for false representation was sustained against the owner of the property. The only difference in the facts between that case and the one at bar is that the owner there stated that the bill for the brick would be paid by the owner, but in this case it was a representation in the nature of a promise.

In the case before us, as the amended petition now stands, it appears that the representation was made by the defendant to the plaintiff as a sub-contractor that the money was in her hands sufficient to pay all of the bills and leave the general contractor a nice profit, for the purpose of inducing the plaintiff to proceed with his work under his sub-contract. While there may not be any direct contract between the sub-contractor, that is, the plaintiff, and the defendant here, yet the defendant had such interest in the work to be done by the plaintiff upon her house that it furnished occasion for making the representations claimed to

have been made, and created such a relation between the par-ties as would impose upon the defendant the duty of making a true representation as to the facts. The defendant must be bound to know that if she had told the plaintiff the truth about the amount of money in her hands due the general contractor that the plaintiff would not have proceeded with the work; and it must be presumed that she made the false representation for the sole purpose of inducing the plaintiff to proceed to complete her house.

I am of the opinion that the amended petition states a cause of action, and leave is granted to file the same.