[No. B128437. Second Dist., Div. Five. Apr. 3, 2000.]

SANFORD SMALL et al., Plaintiffs and Respondents, v.
HALL'S FURNITURE DEFINED BENEFIT PENSION PLAN et al.,
Defendants and Appellants.

COUNSEL

Honey Kessler Amado for Defendants and Appellants.

Law Offices of George A. Shohet, George A. Shohet; Susman Godfrey; and Marc M. Seltzer for Plaintiffs and Respondents.

OPINION

**TURNER, P. J.**—Defendants, Hall's Furniture Defined Benefit Pension Plan and Kenneth B. Heller, have appealed from various orders. They now seek to dismiss their appeal without being required to pay the costs of plaintiffs, Sanford Small, Sheldon Small, Avis Sugarman, and John Kemp. We conclude that the appeal should be dismissed with each side to bear its own costs on appeal.

On November 3, 1998, defendants filed a notice of appeal from two orders. The first order was entered on September 29, 1998. The first order contested a determination made by a claims administrator in connection with a class action matter. The second order was entered on September 4, 1998. This order authorized distribution of certain settlement fund monies. In compliance with rule 5(a) of the California Rules of Court, defendants designated 19 documents to be included within the clerk's transcript. Plaintiffs then filed a counterdesignation identifying 70 documents to be included within the clerk's transcript.

During the extensive delay while the clerk's transcript was being prepared, defendants retained appellate counsel, Honey Kessler Amado. Ms. Amado conducted a review of the potential issues that could be raised on appeal. She recommended to defendants that they dismiss the appeal. On December 23, 1999, defendants filed a notice of abandonment and requested that the parties bear their own costs on appeal. Plaintiffs were given an opportunity to respond on the issue of whether each side should bear its own costs on appeal. We then set the matter for oral argument solely on the issue of how costs should be allocated.

■ We agree with defendants that each side should bear its own costs on appeal. Rule 26(a) of the California Rules of Court provides that we may apportion costs as is proper in the interests of justice. In the present case, defendants have hired experienced and competent appellate counsel in an effort to ensure that it was appropriate to proceed with the appeal. After consultation with their appellate counsel, defendants have determined that no purpose will be served by pursuing the present appeal. Such a course of conduct is to be highly commended. One of the functions of a lawyer is to limit or even end litigation in an appropriate case. Further, most of the documents which have been designated to be included in the extremely lengthy clerk's transcript were identified by plaintiffs. Given these circumstances, the interests of justice warrant that each side bear its own costs on appeal.

The appeal is dismissed as abandoned. Each side is to bear its own costs on appeal. The remittitur is to issue forthwith.

Grignon, J., and Godoy Perez, J., concurred.