Filed 1/14/14  Velzen v. Fard CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| RICHARD VELZEN et al.,<br><br>        Plaintiffs, Cross-defendants and Appellants,<br><br>        v.<br><br>YOUSEFF MIKHAIL FARD,<br><br>        Defendant and Respondent. | B249831<br><br>(Los Angeles County<br>Super. Ct. No. PC042080) |

APPEAL from a judgment of the Los Angeles Superior Court, Melvin Sandvig, Judge.  Reversed with directions.

David Kevin Palmer, for Plaintiffs, Cross-defendants and Appellants.

Gary A. Starre, for Defendant, Cross-complainant and Respondent.

Plaintiffs, Richard and Marianne Velzen, have appealed a June 18, 2012 judgment in favor of cross-complainant, Youseff Mikhail Fard. The parties have entered into a stipulation to reverse the default judgment. This has occurred as part of a written settlement. In compliance with Code of Civil Procedure section 128, subdivision (a)(8) we accept the stipulation and so reverse the judgment. Upon remittitur issuance, the trial court is to set aside the judgment and dismiss the action.

In order for us to accept the stipulation to reverse the judgment, we must comply with Code of Civil Procedure section 128, subdivision (a)(8) which states in relevant part: "(a) Every court shall have the power to do all of the following: [¶] . . . (8) To amend and control its process and orders so as to make them conform to law and justice. An appellate court shall not reverse or vacate a duly entered judgment upon an agreement or stipulation of the parties unless the court finds both of the following: [¶] (A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal. [¶] (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement." Thus, in order for a stipulated reversal to be accepted, an appellate court must find: there is no reasonable possibility that the interests of nonparties or the public will be adversely affected; the reasons for the requested reversal do not outweigh the erosion of public trust resulting from such an action; and the stipulated reversal does not reduce the incentive for pretrial settlement. (*Union Bank of California v. Braille Institute of America, Inc.* (2001) 92 Cal.App.4th 1324, 1328; *In re Rashad H.* (2000) 78 Cal.App.4th 376, 380-382.)

This appeal involves a routine business dispute and related issues concerning confusion over a settlement. There is no reasonable possibility the interests of nonparties or the public will be adversely affected by the reversal of the judgment and dismissal of all claims. This is a routine civil dispute and plaintiffs are unregulated entities. Further, there is no danger an erosion of public trust will result from the reversal of the judgment and dismissal of all claims. Moreover, there will be no effect on any incentive for pretrial

2

settlement since this resolves the case once and for all. There is no evidence plaintiffs deliberately delayed settlement until after they had a default judgment entered against them and their third amended complaint had been dismissed. Public trust in the courts is also be enhanced by settlements of pending appeals and related litigation. The settlement in this case occurred because the parties were attempting to resolve their dispute without further unnecessary litigation costs. The settlement was negotiated in a judicious and patient fashion by the parties. As we noted in *Union Bank of California v. Braille Institute of America, Inc.*, *supra*, 92 Cal.App.4th at page 1331: "An appellate attorney has an obligation, if possible, to settle disputes in a fashion which protects a client's interests. (*McClure v. McClure* (1893) 100 Cal. 339, 343[ ] ['Not only will such [settlement] agreements, when there is no fraud, be sustained by the courts, but they are highly favored as productive of peace and goodwill in the community, and reducing the expense and persistency of litigation']; *Small v. Hall's Furniture Defined Benefit Pension Plan* (2000) 79 Cal.App.4th 648, 650[ ] ['One of the functions of a lawyer is to limit or even end litigation in an appropriate case'].) When lawyers responsibly settle litigation, public trust in the courts is advanced."

The default judgment is reversed solely pursuant to the parties' stipulation. Upon remittitur issuance, the judgment is to be set aside and the case dismissed. Each side is to bear its own costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.

MINK, J.[*]

---

[*] Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.