[S. F. No. 1472. Department One.—March 7, 1899.]

JENNIE L. MERRILL, Respondent, v. SUSAN A. BACH-ELDER, Administratrix, etc., Appellant.

INJUNCTION—RESTRAINING SALE BY ADMINISTRATRIX—EVIDENCE—FORMER JUDGMENT—RECITALS—STIPULATIONS.—In an action to restrain the sale of land by an administratrix, a former judgment in favor of the plaintiff against the defendant, which recited that a trial was had before the court, "and the evidence being closed, the said parties in open court stipulated and agreed that the plaintiff should have judgment as prayed for," is admissible in evidence in support of the plaintiff's title. Such former judgment is valid upon its face, and is not rendered void, by reason of the recitals therein, showing that the administratrix stipulated for the judgment.

ID.—STIPULATION BY ADMINISTRATRIX—EFFECT AS EVIDENCE—JURISDICTION.—The stipulation by the administratrix was only evidence before the court to be considered in rendering its judgment; and it was within the jurisdiction of the court to determine its effect, and no error in passing thereon can render the judgment void, or be reviewed otherwise than upon appeal from the judgment.

ID.—AUTHORITY OF ADMINISTRATRIX—SUFFICIENCY OF EVIDENCE—PRESUMPTIONS—SUPPORT OF JUDGMENT.—All intendments are in favor of the correctness of the former judgment; and it must be presumed in support thereof that the administratrix obtained proper authority to consent to the judgment; and also that the evidence before the court, apart from the stipulation, was sufficient to authorize the judgment.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial. S. K. Dougherty, Judge.

The facts are stated in the opinion of the court.

J. A. Spinetti, and T. F. Bachelder, for Appellant.

T. J. Butts, and J. M. Thompson, for Respondent.

HARRISON, J.—The defendant is the administratrix of the estate of Joseph E. Bachelder, deceased, and as such administra-

trix advertised for sale certain parcels of real estate as a portion of the estate of her intestate. The plaintiff alleges in her complaint herein that she is the owner in fee of the said real estate, and seeks to restrain the defendant from selling or from offering the same for sale, upon the ground that her title thereto will be clouded. Judgment was rendered in favor of the plaintiff, and the defendant has appealed therefrom, and from an order denying a new trial. The allegations of the complaint are sufficient to support the judgment, and, as findings of fact were waived by the parties, only the order denying a new trial can be considered

For the purpose of establishing her claim of ownership, the plaintiff offered in evidence a judgment-roll in an action brought by her grantor against the defendant herein and the heirs of her intestate, in which the superior court had adjudged that her grantor was the owner in fee of said parcels of land, and quieting her title as against the defendants therein, and declaring that they be debarred from asserting any title thereto. The defendant objected to the introduction of this evidence on the ground of incompetency, and urges upon this appeal that by reason of its recitals the judgment itself cannot be made the foundation of any rights in the plaintiff. The judgment is in the following form:

"This cause coming on regularly for trial on the twenty-second day of September, A. D. 1896, a trial of said cause was had before the court without a jury; whereupon witnesses on the part of the plaintiff and the defendants were sworn and examined, and documentary evidence introduced by respective parties; and the evidence being closed, the said parties in open court stipulated and agreed that the plaintiff should have judgment as prayed for in her complaint, that a judgment and decree might be entered herein adjudging said plaintiff to be the owner of and entitled to the possession of the property described in the complaint; and findings were waived.

"Wherefore, by reason of the law and the facts herein, findings of which have been duly waived by the defendants, it is ordered, adjudged and decreed that the plaintiff is the owner in fee of the property described in the complaint" (describing the same and quieting her title thereto).

It is contended by the appellant that the administratrix could

not enter into a stipulation that a judgment be rendered against her for a portion of the estate of her intestate, without authority from the court in which the administration of said estate was pending, and that until such authority was shown, the judgment was inadmissible as evidence; and that, as the judgment recites that it was rendered upon a stipulation by the administratrix, its invalidity appears upon its face, and may be availed of at any time.

The stipulation was, however, only evidence before the court to be considered in rendering its judgment, and whether it was sufficient to authorize the judgment or not was within the jurisdiction of the court to determine.  If it was insufficient therefor, the court commited an error which might have been corrected upon an appeal, but its judgment was not thereby rendered void.  All intendments are in favor of the correctness of the judgment, and, if the administratrix could under any circumstances have made the stipulation recited in the judgment, it will be assumed, for the purpose of sustaining the judgment, that these circumstances were shown to the satisfaction of the court.  Section 1588 of the Code of Civil Procedure, provides: "A compromise may also be authorized when it appears to be just, and for the best interest of the estate"; and as against the objections of the appellant herein, it will be assumed that it was shown to the superior court that the administratrix had been authorized to consent to the entry of the judgment.  It appears from the complaint in that action that the plaintiff therein claimed to be the equitable owner of the land by reason of having furnished the consideration for its purchase, and that the conveyance was taken in the name of the deceased, and it may well be that upon these facts having been presented, the court, sitting in probate, granted the administratrix authority to enter into the stipulation.  Even if the stipulation should be disregarded it will be assumed for the purpose of sustaining the judgment that the evidence before the court was sufficient to authorize the judgment which it gave.

The judgment and order are affirmed.

Garoutte, J., and Van Dyke, J., concurred.

Hearing in Bank denied.