[S. F. No. 14941. In Bank.—March 1, 1934.]

H. W. McPIKE, Administrator, etc., Petitioner, v. SUPE-
RIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO et al., Respondents.

H. H. McPike for Petitioner.

Cleveland R. Wright for Respondents.

THE COURT.—A hearing was granted in this case after decision by the District Court of Appeal, First Appellate District, Division Two. Upon further consideration, we are satisfied that the opinion of Mr. Justice *pro tem.* Dooling properly disposes of the issue, and we therefore adopt said opinion as the opinion of this court. It reads as follows:

"The petitioner seeks by *certiorari* to have annulled an order of the Superior Court sitting as a probate court.

From the return it appears that the petitioner is the duly appointed and qualified administrator of the estate of Margaret A. Jennings, deceased. On June 27, 1932, petitioner as such administrator, filed in the respondent court a petition for permission to compromise certain litigation pending against the estate of his decedent. In such petition he alleged that an action had been commenced against him, as administrator, by one Annie Gillespie, claiming title to all the property of the estate, consisting of a sum of money slightly in excess of $4,000, which at the time of decedent's death had been on deposit in a certain bank, and seeking judgment against him, as administrator, adjudging that she was such owner and declaring that petitioner, as administrator, held such sum in trust for her; that such action was at issue and ready for trial; and 'that a few days before the date of trial of said action, counsel for defendant and counsel for plaintiff held a consultation and agreed that a reasonable and proper settlement of said action could and should be made by defendant, therein as administrator of the said estate, paying to plaintiff the sum of one thousand ($1,000.00) dollars'. The petition asked that the court authorize petitioner as such administrator to settle said action for such sum. The court fixed a date for the hearing of the petition to compromise, and ordered a citation to issue to Kate Sidles, the sole heir of the decedent. The citation was regularly issued and served and notice of the hearing given by posting, and the court after hearing the petition made its order on July 25, 1932, by which petitioner herein was 'authorized to pay to said Annie Gillespie the sum of one thousand ($1,000.00) dollars in full settlement of all claims and demands of Annie Gillespie against the said estate and said administrator' upon the receipt of a dismissal of her said action with prejudice and a signed satisfaction.

"Thereafter, Cleveland R. Wright, an attorney at law, filed in the matter of such estate an affidavit reciting that he is the attorney for Annie Gillespie in the action against petitioner, as administrator of the estate of Margaret A. Jennings, deceased; the nature and purpose of said action; the fact that when said action was ready for trial he and counsel for petitioner had agreed to compromise it for the sum of one thousand dollars; the proceedings had in the

probate court terminating in the making of the order authorizing such compromise; repeated demands for the payment of such sum of $1,000, coupled with the tender of a dismissal with prejudice and a satisfaction as required by said order; and the failure and refusal of petitioner, herein, to pay the $1,000 or carry out the compromise. Affiant asked for the issuance of an order to show cause to petitioner herein, and for an order of the court directing him, as administrator, to pay to Annie Gillespie such sum of $1,000. A citation issued and petitioner herein appeared by demurrer attacking the jurisdiction of the court over the subject matter. The order herein attacked followed, by which petitioner herein is 'ordered and directed to pay to Annie Gillespie within five (5) days from date hereof the sum of one thousand ($1,000.00) dollars pursuant to his said agreement of compromise and the order of this court made on July 25, 1932, approving the same'.

"Upon this proceeding we are not concerned with the propriety or impropriety of petitioner's conduct with regard to the compromise, nor with the correctness or incorrectness of the action of the trial court in making the order complained of, further than to determine the single question whether the respondent court had jurisdiction to make such order. (4 Cal. Jur., p. 1106.)

"The probate court has the power to authorize the compromise of an adverse claim of a third party to the property of an estate. (Probate Code, sec. 578, formerly Code Civ. Proc., sec. 1588, as construed in *Merrill* v. *Bachelder,* 123 Cal. 674, 676 [56 Pac. 618].) The precise language of that code section is: 'A compromise may also be authorized by the court or judge when it appears to be just and for the best interest of the estate.'

"Nowhere in express terms is the probate court given the power, sought to be exercised by the order here under attack, of compelling the administrator to carry out and perform the provisions of a compromise so authorized. It is settled that ordinarily a probate court has no jurisdiction over the adverse claims of third persons to property in the estate (11 Cal. Jur., p. 262, sec. 42) and this for the reason 'that either the person initiating the attack or the person resisting the attack is lacking in privity to the probate proceedings'. (*Bauer* v. *Bauer,* 201

Cal. 267, 271 [256 Pac. 820].) ■ It is equally well settled that while the superior court, sitting in probate, is a court of general jurisdiction, 'the proceedings being statutory in their nature, the court has no other powers than those given by statute and such incidental powers as pertain to it and enable the court to exercise the jurisdiction conferred upon it, and can only determine those questions or matters arising in the estate which it is authorized to do. Thus, in the exercise of the powers conferred upon it, its jurisdiction is limited and special, or limited and statutory.' (11 Cal. Jur., pp. 248–9, sec. 34.)

"It is respondent's theory that the power to make the order under attack is incidental to and to be implied from, and necessary to carry out and make effective, the power of the court to authorize the administrator to make a compromise. It is the petitioner's contention that the jurisdiction of the court goes no further than the express language of the statute.

■ "The language of the statute is permissive, and not mandatory: 'A compromise *may* also be authorized by the court.' In this connection it is worthy of note that in other proceedings where it was the purpose of the legislature to make the action of the administrator mandatory and subject to the order of the court in dealings with strangers to the estate appropriate language is used to indicate that intention. Thus in the matter of the payment of approved claims the court is given the express power to order their payment (Probate Code, sec. 952); in the matter of carrying out a decedent's contracts to convey property the court is given a like express power (Probate Code, secs. 850–853); in the case of the mortgaging of property of the estate it is mandatory upon the administrator to execute the mortgage or deed of trust (Probate Code, sec. 833) which the court 'shall make an order authorizing and directing' him to do (Probate Code, sec. 832); in the case of leases of property of the estate similar mandatory provisions are found (Probate Code, secs. 842, 843); and in the case of probate sales after the order confirming the sale is made 'conveyances must thereupon be executed'. (Probate Code, sec. 786. See, also, Probate Code, secs. 802, 812.)

"It is thus apparent that in the several instances enumerated where the legislature intended to give the court jurisdiction to compel action by the administrator in his dealings with strangers to the estate it used definite and appropriate language to expressly grant such power. In the case of compromises, however, no such language was used. The court is not given power to 'direct' the making of compromises but only to 'authorize' them. It is not provided that compromises 'shall' or 'must' be made by the administrator when authorized by the court, but that they 'may' be made. The internal evidence of the Probate Code indicates strongly that it was not the intention of the legislature to confer upon courts sitting in probate the power or jurisdiction to compel action by the administrator in the case of compromises.

"As petitioner well points out, a compromise agreement, even though entered into, may be attacked for fraud in the inducement (5 Cal. Jur., p. 403, sec. 17) or may lack consideration where the claim which is the subject of the compromise is 'wholly without foundation and known to the claimant to be so'. (*Union Collection Co.* v. *Buckman,* 150 Cal. 159, 163 [88 Pac. 708, 710, 119 Am. St. Rep. 164, 11 Ann. Cas. 609, 9 L. R. A. (N. S.) 568]; *McClure* v. *McClure,* 100 Cal. 339, 343 [34 Pac. 822].) We are not called upon to speculate about the reasons which moved petitioner to refuse to carry out his compromise agreement. We are only concerned with the jurisdiction of the court in a probate proceeding to compel him to do so. If the court had jurisdiction to make such an order it would necessarily have jurisdiction to try the issues raised by such defense as petitioner saw fit to make. But the jurisdiction to try purely collateral matters with strangers to the estate is not to be lightly inferred.

"Respondent cites and strongly relies upon *Estate of Davis,* 27 Mont. 490 [71 Pac. 757]. There a will contest was instituted over which the probate court had express statutory jurisdiction. A compromise was effected which was confirmed by decree of the court determining that the estate should be distributed to certain persons in designated proportions as determined by the compromise agreement. Thereafter the power of the court to order distribution in accordance with this decree was attacked on the ground that certain of the parties were strangers to the proceed-

ings. The court very properly held that having jurisdiction of the parties and of the subject matter it had jurisdiction to enter the consent decree pursuant to the agreement of compromise, and that such decree became the basis of administration so far as the distribution of the estate was concerned. This case is not apposite here. The respondent court had no jurisdiction of the person of Annie Gillespie, who was claiming adversely to the estate, nor of her action against petitioner as administrator, and could not acquire jurisdiction over either. It had only the limited jurisdiction to authorize petitioner to compromise with her.

"We conclude that a superior court sitting in probate has no jurisdiction over the matter of compromising a claim against an estate except that expressly given by the Probate Code, viz.: to authorize the administrator to make a compromise."

The order of November 23, 1932, here under review, is accordingly annulled.