[Civ. No. 10649.   First Appellate District, Division Two.—December
23, 1937.]

In the Matter of the Estate of MARGARET A. JENNINGS,
Deceased.   H. W. McPIKE, Administrator, etc., Appel-
lant, v. C. H. HASBROUCK, Executor, etc., Respondent.

H. H. McPike for Appellant.

Cleveland R. Wright for Respondent.

STURTEVANT, J.—Heretofore H. W. McPike, administrator of the estate of Margaret A. Jennings, deceased, presented to the Superior Court of the State of California, in and for the City and County of San Francisco, sitting as a probate court, his first annual account. Thereafter, on the 4th day of November, 1936, the said court made an order allowing the account in part, disallowing certain items, and modifying the amount as to some other items. Later the administrator appealed from certain portions of said order. Other facts will be stated below when the occasion arises.

The administrator states his first point as follows: "Does the statute, Probate Code section 902, authorize the court to refuse all extraordinary compensation to an administrator who has rendered 'any extraordinary services, such as . . . litigation in regard to the property of the estate' where the whole estate is involved in the litigation and successfully defended by the administrator?" The point as stated may not, under the facts of this case, be answered directly. It assumes that this administrator rendered extraordinary services. The record does not sustain the assumption. Soon after the death of the decedent, H. W. McPike applied for and was granted letters of administration. Immediately thereafter he qualified and at once went to the Hibernia Savings and Loan Society and drew out of that bank $4,211.28, and put it in his attorney's safe. Said sum of money was the sole item of property coming into the hands of the administrator. A short time after the appellant qualified as administrator, Annie Gillespie made a demand on him that he surrender all of said money to her, claiming that said money was by the decedent orally transferred to her under a contract duly entered into and by the terms of which Annie Gillespie agreed to care for the decedent during the remainder of her life. The administrator refused to surrender the property and thereupon Annie Gillespie commenced an action against him to recover said moneys. Except as noted below, the record discloses that he, personally, performed no services whatever in connection with the defense of said action. However, it does disclose

that his father, Mr. H. H. McPike, who is an attorney at law, took charge of and conducted said litigation for him. At one time when Mr. H. H. McPike was ill, the administrator, in company with Mr. James Peck, another attorney at law, went into court, but the record does not disclose that the administrator did anything except to listen to the proceedings had. The record also discloses that he looked up some authorities for and turned the information over to his father. Under these circumstances we think it is clear that the trial court did not err in finding the administrator did not render any extraordinary services and the court did not err in refusing to allow him any extraordinary compensation.

The second point is stated as follows: "Is it proper for the court to charge the administrator or administrator's attorney for interest upon administrator's fees and attorney's fees *paid* before final settlement?" (Italics ours.) Attempting to answer that proposition as directly as the record warrants, there is no evidence that the administrator's fees or attorney's fees *have been paid*. The record does not disclose that the probate court has ever made an order authorizing any payment of the statutory fees to the appellant or to his attorney, but on the other hand, the order appealed from, among other things, contained the following: " . . . statutory fee claimed by administrator retired from the account and reserved until hearing on the final account and petition for final distribution, $198.45; and the statutory fee claimed for the administrator's attorney, retired from the account and reserved until the hearing on the final account and petition for final distribution in the amount of $198.45; and so much thereof as ordered, adjudged and decreed that the application for a fee for extraordinary services of the attorney for the administrator be granted in the sum of $200.00, and the payment of which shall be deferred until the hearing and settlement of the final account; . . . " The appellant testified that he never used any of the money and from that testimony we assume he never *paid* fees to himself nor to his attorney. It follows that the record does not show that the order appealed from imposed a charge for interest on fees *paid* to the appellant or fees *paid* to his attorney.

■ Finally, the appellant states: "Is $200 a reasonable amount to allow the attorney for the whole estate, where more than three-fourths of the estate is saved and without the services of this particular attorney and his special knowledge of the facts, the whole estate would have been lost on a fraudulent claim?" That proposition is predicated on the following facts and no other facts. Soon after the death of the decedent, appellant's attorney, Mr. H. H. McPike, and the undertaker, held a conversation with Annie Gillespie in the presence of her husband. In that conversation Mr. McPike propounded to her numerous questions regarding any possible claim that she might have against the estate of the decedent. In reply to those questions Annie Gillespie replied that she had no claims whatever. It is clear that Mr. H. H. McPike and the undertaker each became competent witnesses to confront Annie Gillespie if thereafter she attempted to assert any claim to said moneys. After Annie Gillespie commenced the above-mentioned action Mr. H. H. McPike appeared as appellant's attorney and filed a demurrer. Later he filed an answer. About a year after the death of the decedent the appellant applied to the probate court for, and an order was granted, authorizing him to compromise the litigation by paying Annie Gillespie $1,000. After that order was made the appellant neglected and refused to proceed further. A citation was issued against him directing him to consummate the compromise. Later an order to that effect was made by the probate court. The appellant applied to this court for a writ of review.. This court annulled the order of the probate court. The latter court applied to the Supreme Court and the proceeding was transferred to that court. Later the Supreme Court adopted the opinion theretofore filed by this court and annulled said order. (*McPike* v. *Superior Court,* 220 Cal. 254 [30 Pac. (2d) 17].) Soon after the *remittitur* went down the appellant paid the $1,000 and the action brought by Mrs. Gillespie was terminated. On the hearing of appellant's account it was contended that the services performed by Mr. H. H. McPike in the action brought by Mrs. Gillespie were negligible. There was evidence that maintaining the proceeding entitled *McPike* v. *Superior Court, supra,* was unnecessary and did not operate to the advantage of the estate of the decedent. Mr. H. H. McPike stated: "It is the

duty of the administrator, where he believes and is informed that the claim against an estate is false and fraudulent and blackmail, to use every means to defeat it.'' That statement the record shows did not satisfy the trial court and it was of the opinion that the appellant should not charge the estate of the decedent for services rendered by his attorney in that litigation. The proposition we are now discussing is therefor reduced to the question: Was the allowance of $200 so small as to be an abuse of discretion in fixing a fee for the preparation and filing of a demurrer and an answer and obtaining an order permitting a compromise of the litigation entitled *Gillespie* v. *McPike?* We may not say it was.

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.