[Civ. No. 10696.   First Appellate District, Division Two.—February 16, 1938.]

MADDALENA MAZZA, Executrix, etc., Petitioner, v. H. Z. AUSTIN, as Judge of the Superior Court, etc., et al., Respondents.

John D. Chinello and Rae B. Carter for Petitioner.

Robert M. Thomas for Respondents.

NOURSE, P. J.—Writ of review. Petitioner, as executrix of the estate of Mary Tunzi, seeks to annul an order of respondent court by which petitioner was "authorized and directed" to compromise certain claims of the estate against George Cerini, Mary Allison, D. R. Owen, and the estate of John Cerini, all debtors of the estate of Mary Tunzi.

From the return, it appears that on June 21, 1937, the above-named debtors of the estate of Mary Tunzi filed a petition in respondent court in which they recited that they owed certain sums of money to the estate of Mary Tunzi, that said sums cannot be paid in full and praying that petitioner as executrix of the estate of Mary Tunzi be authorized and directed to accept certain offers of compromise stated in the petition. On July 2, 1937, respondent court made its order by which petitioner was authorized and directed to compromise the claims, and by which Wm. B. Johnston was appointed as a commissioner of said court and directed to perform said order if the executrix failed to perform said order within ten days of service of a copy of the order upon her. The order was served the same day and petitioner has not performed said order. On the contrary, petitioner caused to be filed on October 13, 1937, a petition seeking an order setting aside the prior order of the court authorizing the compromise. Said petition was denied October 29, 1937.

No appeal was taken from either of these orders. Petitioner filed with the Supreme Court her petition for a writ of review on November 10, 1937. The alternative writ was issued on the same day and the cause transferred to this court for disposition.

Petitioner urges that no notice of the hearing of the petition to compromise was mailed to petitioner within two days after the filing of said petition as required by section 1200 of the Probate Code. In the order authorizing compromise, it is recited as follows: "It appearing that due notice of this hearing has been given as required by law

. . . '' There is nothing in the return to contradict said recital. The return does not contain any affidavit of mailing of the notice of hearing, but there is no requirement that proof of mailing be made by affidavit. In a similar case, *Estate of Dam*, 126 Cal. App. 70 [14 Pac. (2d) 162], it was expressly held that proof of mailing of a notice of hearing need not be made by affidavit, and where the judgment roll contains nothing which shows that the required proof of mailing was not made, the recital of the judgment, ''that notice of the hearing has been given as required by the order of this court and by law, and that said notice is in all respects due, proper and sufficient'' is conclusive that proof of mailing was made.

The important question presented by this proceeding is whether the debtor of an estate may petition the probate court in which the estate is pending for an order authorizing and directing a compromise of the petitioning debtor's obligation. The power of the court to authorize a compromise is derived solely from section 578 of the Probate Code, which reads as follows: ''If a debtor of the decedent is unable to pay all his debts, the executor or administrator, with the approval of the court, may give him a discharge, upon such terms as may appear to the court to be for the best interest of the estate. *A compromise may also be authorized by the court when it appears to be just and for the best interest of the estate.* The court may also authorize the executor or administrator on such terms and conditions as may be approved by it to extend or renew, or in any manner modify the terms of, any obligation owing to or running in favor of the decedent or his estate. *To obtain such approval or authorization, the executor or administrator shall file a verified petition with the clerk showing the advantage of the settlement, compromise, extension, renewal or modification.* The clerk shall set the petition for hearing by the court and notice thereof shall be given for the period and in the manner required by section 1200 of this code.'' (Emphasis added.) Respondent stresses the first italicized sentence and argues that since the power is not restricted by the code, and since a debtor of the estate is not a stranger to the estate, the debtor may petition for an order authorizing and directing a compromise. In so arguing, respondent is asking us to take one sentence of the section and construe it separately. This we cannot do. In determining the legis-

lative intent, we must look at the entire section and give effect to all its parts. If the first italicized sentence controls, what effect is to be given to the second italicized sentence? In the first three sentences of the section, the legislature has defined the power of the court, while in the last two sentences, it has specified the procedure by which such power may be invoked. When the section is so read, it becomes apparent that the court may authorize a compromise of a debt due the estate of a decedent, only upon petition *by the executor or administrator* seeking such authorization. They are the only persons who may petition the court for such authorization.

■ But aside from the question of procedure, it has been held directly that the probate court has no power to direct or compel a compromise, and this is the effect of the order here under consideration. In *McPike* v. *Superior Court,* 220 Cal. 254, 257 [30 Pac. (2d) 17], it was said: "The probate court has the power to authorize the compromise of an adverse claim of a third party to the property of an estate. (Prob. Code, sec. 578, formerly Code Civ. Proc., sec. 1588, as construed in *Merrill* v. *Bachelder,* 123 Cal. 674, 676 [56 Pac. 618].) The precise language of that code section is: 'A compromise may also be authorized by the court or judge when it appears to be just and for the best interest of the estate.'

"Nowhere in express terms is the probate court given the power, sought to be exercised by the order here under attack, of compelling the administrator to carry out and perform the provisions of a compromise so authorized." On page 258, same case, the court said further: "The language of the statute is permissive, and not mandatory: 'A compromise *may* also be authorized by the court.' In this connection it is worthy of note that in other proceedings where it was the purpose of the legislature to make the action of the administrator mandatory and subject to the order of the court in dealings with strangers to the estate appropriate language is used to indicate that intention."

This holding is in harmony with what we have heretofore said as to the right of the executor, or administrator, alone to petition for leave to compromise. As they cannot be compelled to compromise, even on their own petition, it is manifest that a debtor may not petition for an order directing

a compromise over the objection of the executor or administrator.

For these reasons we conclude that the probate court was without jurisdiction to entertain the debtors' petition, and that the order authorizing and directing the executrix to compromise the claims was void. All proceedings had under this order were likewise void and they do not affect the rights of the parties.

The order is annulled.

Sturtevant, J., and Spence, J., concurred.