[Civ. No. 186. Fifth Dist. Feb. 4, 1963.]

Estate of DICKSON A. BOYD, Deceased. ROBERT NEIL-SON BOYD, as Administrator, etc., Petitioner and Appellant, v. WINIFRED C. WOODRUFF, Objector and Respondent.

Bennett Siemon for Petitioner and Appellant.

Hahn & Hahn and William S. Johnstone, Jr., for Objector and Respondent.

STONE, J.—Appellant is administrator with the will annexed in the matter of the estate of Dickson A. Boyd, deceased. Boyd's wife, Cecelia Doyle Boyd, survived him but died while her husband's estate was in probate. Respondent, Winifred C. Woodruff, is administratrix with the will annexed of her estate.

Respondent made claim to most of the husband's estate upon the ground that it was the separate property of the wife. A settlement was negotiated between the two administrators whereby appellant, as administrator of the husband's estate, agreed to transfer certain of the property to respondent, as administratrix of the wife's estate. In addition, it was agreed that the estate of Cecelia Doyle Boyd would release all claims against the estate of Dickson A. Boyd.

Appellant presented the agreement to the probate court for approval, and an order approving the compromise and agreement was entered. Thereafter, and without performing the settlement agreement, appellant filed his first account current, report of administrator, petition for approval of sales of personal property and petition for payment of extraordinary fees and commissions. Respondent filed objections to the first account current and petition for approval thereof, alleging, among other things, execution of the settlement

agreement, that it had been approved by the court, and that assets covered by the agreement were inventoried in the estate and returned in the first account current as property of the estate. Objection was also made to certain accounting procedures concerning assets claimed by respondent and application of them in payment of a portion of the expenses of administration and debts of the estate of Dickson A. Boyd.

After hearing the account and the objections thereto, the probate court made an order which, insofar as it pertained to title to the assets of the estate, recognized the claim of the estate of Cecelia Doyle Boyd predicated upon the agreement. The two paragraphs of the order from which this appeal is taken are:

"3. Said administrator is directed to transfer forthwith the remaining cash on hand in the sum of $6,007.20 to Winifred C. Woodruff, as administratrix with the will annexed of the Estate of Cecelia Doyle Boyd, said sum being the property of the Estate of Cecelia Doyle Boyd.

"4. Said administrator is directed to pay the sum of $8,850.17 to the Estate of Cecelia Doyle Boyd as soon as the sums can be made available, said sum being the balance remaining after deducting the sum of $6,007.20 from the sum of $14,857.37, the value of the property transferred to the Estate of Cecelia Doyle Boyd under the terms of the compromise agreement."

From the quoted paragraphs of the order it is clear that the court determined the validity of respondent's claim of title to the property under the agreement and, in addition, ordered appellant administrator to perform the terms and conditions of the agreement.

Appellant relies solely upon his contention that the probate court lacked jurisdiction to determine a claim of title to estate property by a person not in privity with the estate.

We rarely find a case squarely in point with the one at issue, but *McPike* v. *Superior Court,* 220 Cal. 254 [30 P.2d 17], is apposite to the case at bar. It arose from like facts, and the Supreme Court considered a question precisely the same as the question presented here. In *McPike* a stranger claimed title to estate property and filed an action to enforce the claim. A compromise resulted and by a settlement agreement the administrator agreed to pay the claimant, one Annie Gillespie, the sum of $1,000 for a release of all claims. The administrator petitioned the probate court for approval, pursuant to which the court entered an order that the admin-

istrator was "authorized to pay to said Annie Gillespie the sum of one thousand ($1,000.00) dollars in full settlement of all claims and demands of Annie Gillespie against the said estate and said administrator" upon the receipt of a dismissal of her action with prejudice and a signed satisfaction. Counsel for Annie Gillespie made tender of a dismissal with prejudice and a satisfaction, as required by the order, and demanded payment of the $1,000. The administrator failed to comply, and Annie Gillespie petitioned the probate court for redress. Upon hearing the petition for an order for payment, the probate court made an order by which the administrator was "ordered and directed to pay to Annie Gillespie within five (5) days from date hereof the sum of one thousand ($1,000.00) dollars pursuant to his said agreement of compromise and the order of this court made on July 25, 1932, approving the same." The administrator appealed, and the Supreme Court said, at pages 257-258:

" 'Upon this proceeding we are not concerned with the propriety or impropriety of petitioner's conduct with regard to the compromise, nor with the correctness or incorrectness of the action of the trial court in making the order complained of, further than to determine the single question whether the respondent court had jurisdiction to make such order. (4 Cal.Jur., p. 1106.)

" 'The probate court has the power to authorize the compromise of an adverse claim of a third party to the property of an estate. (Probate Code, sec. 578, formerly Code Civ. Proc., sec. 1588, as construed in *Merrill* v. *Bachelder,* 123 Cal. 674, 676 [56 P. 618].) The precise language of that code section is: ''A compromise may also be authorized by the court or judge when it appears to be just and for the best interest of the estate.''

" 'Nowhere in express terms is the probate court given the power, sought to be exercised by the order here under attack, of compelling the administrator to carry out and perform the provisions of a compromise so authorized. It is settled that ordinarily a probate court has no jurisdiction over the adverse claims of third persons to property in the estate (11 Cal. Jur., p. 262, sec. 42) and this for the reason ''that either the person initiating the attack or the person resisting the attack is lacking in privity to the probate proceedings.'' (*Bauer* v. *Bauer,* 201 Cal. 267, 271 [256 P. 820].)
 It is equally well settled that while the superior court,

sitting in probate, is a court of general jurisdiction, "the proceedings being statutory in their nature, the court has no other powers than those given by statute and such incidental powers as pertain to it and enable the court to exercise the jurisdiction conferred upon it, and can only determine those questions or matters arising in the estate which it is authorized to do. Thus, in the exercise of the powers conferred upon it, its jurisdiction is limited and special, or limited and statutory." (11 Cal.Jur., pp. 248-9, sec. 34.)' " (See also *Estate of Hart,* 51 Cal.2d 819, 823 [337 P.2d 73] ; *Mazza* v. *Austin,* 25 Cal.App.2d 85, 88 [76 P.2d 533] ; *Estate of Cropper,* 83 Cal.App.2d 105, 107 [187 P.2d 780] ; *Estate of Stone,* 170 Cal.App.2d 533, 535 [339 P.2d 220].)

After pointing out various instances in which the Legislature has by statute given the probate court jurisdiction to act, the Supreme Court observed that where the Legislature intended giving the probate court jurisdiction to compel action by an administrator in his dealings with strangers to the estate, it has used definite and appropriate language to expressly grant such power. It was noted that no such express power or direct authorization has been given the probate court to direct or compel an executor to either make or perform a compromise agreement. Therefore, concluded the Supreme Court, the probate court does not have jurisdiction to compel an administrator to perform a settlement agreement made with a stranger to the estate.

Respondent attempts to avoid the thrust of *McPike* by professing to see in the settlement agreement a resulting trust. We do not find sufficient factual distinction between the agreement in the case at bar and the one in *McPike* to justify a distinction between the two cases. Neither the agreement here nor that in *McPike* conveys any title; each is a contract to transfer or assign property. The question presented cannot be circumvented by alluding to the theory of resulting trust; it must be faced for what it is, an incongruity in the law. If it is to be remedied, the cure must be through legislation, as suggested by *McPike.*

Our characterization of the lack of jurisdiction as an incongruity is founded upon the fact that the record before us indicates that the same judge, exercising general jurisdiction, could have tried the same issues between the same parties and upon the same evidence as here. And since we must conclude that the court would have reached the same result, to send the case back for retrial is patently a wasteful dupli-

cation which calls to mind the rigid adherence to form and technicality at common law.

The incongruity which we have noted is further demonstrated by the divided jurisdiction of the superior court to hear claims of a surviving husband or wife to community property in the estate of a deceased spouse. A surviving husband's adverse claim that estate property is community must be tried in a court of general jurisdiction, while an identical claim by the surviving wife must be tried in the probate court. This is made clear by the following language of the Supreme Court in *Central Bank* v. *Superior Court,* 45 Cal.2d 10 [285 P.2d 906], at page 17:

". . . the surviving husband's claim to his share of community property is adverse to the estate as it is not subject to administration and does not pass through probate proceedings. [Citation.] As such he is not claiming in privity with the estate but adversely to it since his community interest does not pass through the probate proceedings and his claim cannot be litigated therein if objection be made. [Citations.] But a surviving wife's claim to her share of the community property is said to come to her through probate (Prob. Code, § 202) so that her claim is in privity with the estate and should be litigated therein. [Citations.]"

The rigid delimitation of jurisdiction between law and equity has long since been remedied. We see no insurmountable impediment to legislation coordinating probate and general jurisdiction of the superior court for the complete determination of all legal and equitable issues properly raised in a probate proceeding. In the absence of such legislation, we must declare the proceeding in the trial court sitting in probate a nullity, and send the matter back for retrial before the same trial court sitting as a court of general jurisdiction.

The portions of the order appealed from are reversed.

Conley, P. J., and Brown, J., concurred.