[L.A. No. 29754. In Bank. Dec. 16, 1970.]

Conservatorship of the Person and Estate of GEORGE K. HARVEY. PEARL W. McCORD, as Conservator, etc., Petitioner and Respondent, v. BALDO M. KRISTOVICH, as Public Administrator, etc., Objector and Appellant.

COUNSEL

John D. Maharg, County Counsel, and Wilcox R. Stoddard, Deputy County Counsel, for Objector and Appellant.

Stephen Pace for Petitioner and Respondent.

OPINION

MOSK, J.—Petitioner was appointed the conservator of the estate and person of George K. Harvey. Pursuant to a petition for instructions, the probate court issued an order on September 16, 1968, authorizing her to employ an attorney to travel to Scotland to locate possible heirs of Harvey and

to pay the attorney's travel expenses up to a stated sum and a fee for his services.

Harvey died while the attorney was in Scotland on his mission, and the Public Administrator of Los Angeles County was appointed to administer the estate. The administrator objected to petitioner's final account insofar as she sought to compensate the attorney for his fees and expenses in connection with the journey. He also moved under section 473 of the Code of Civil Procedure to set aside the order of September 16.[1] The motion was denied, the court approved petitioner's final account, and judgment was entered accordingly. The questions for determination on this appeal are whether the September 16 order was within the court's jurisdiction and whether it must be given res judicata effect.

George Harvey, a recluse with substantial property, was admitted to a Long Beach hospital on July 6, 1968, with a brain tumor. He was declared incompetent a few days later and petitioner, a registered nurse who had known him since 1935, was appointed his conservator. On September 5, 1968, she filed a petition for instructions pursuant to section 1860 of the Probate Code. The section provides that the court "upon petition of the conservator, . . . after notice . . . and . . . hearing, may authorize and instruct the conservator or approve and confirm his acts in the management . . . or preservation of the conservatorship property or the incurring or payment of costs . . . or in the care, maintenance, support and protection of the conservatee."

The petition for instructions alleged the following facts: Petitioner had sought the appointment as conservator only because no living relative or person interested in Harvey could be found and there was an immediate need for someone to care for his person and estate. Harvey had an inoperable brain tumor, and had not had a moment of consciousness since the appointment. Petitioner had spent many hours each day attending to Harvey, hoping that he would regain consciousness. She had made a thorough search in an effort to determine his nearest relative, but to no avail. Petitioner believed that Harvey was born in Dunoon, Scotland, and that he had three brothers and a sister, at least one of whom had issue. An attorney had made inquiries to Scotland by mail but in that manner was unsuccessful in discovering any relatives. Petitioner believed it to be in the best interest of Harvey and his estate to locate his potential heirs, if possible. She proposed that she be authorized to employ her attorney to go to Scotland and that she pay him travel expenses not to exceed $2,500, as well as a fee to be thereafter determined. On September 16 the court made an order in conformity with this

---

[1] Section 473 of the Code of Civil Procedure provides in part, "The court may . . . on motion of either party after notice to the other party, set aside any void . . . order."

request, authorizing petitioner to advance necessary travel expenses to her attorney up to $2,500 and leaving the question of the attorney's fee for his services for later determination.

The attorney proceeded to Scotland the next day. Harvey died on September 24 and on September 30 the public administrator was appointed to administer his estate. In her "First and Final Account and Petition for Discharge" petitioner listed $1,323 as expenses for the attorney's trip and requested that he be paid a fee in connection with the journey. The administratrator opposed the petition and moved to vacate the original order. The trial court, after making findings of fact which will be discussed *infra,* approved the account, granted the petition for discharge, and made an order compensating the attorney for his services in connection with the trip to Scotland.

The administrator first contends that the order of September 16 is void because it was in excess of the court's jurisdiction. He relies upon the established principle that a probate court has only those powers granted by statute and such incidental powers as enable it to exercise the powers granted. (*McPike* v. *Superior Court* (1934) 220 Cal. 254, 258 [30 P.2d 17].) He contends that no statute expressly or impliedly permits a probate court in a conservatorship proceeding to authorize a search for the heirs of a conservatee, and that this function may be performed only by a probate court in a proceeding relating to determination of heirship. (Citing Prob. Code, §§ 1080, 1081.)

■ The mere fact that the order purported to direct a search for potential heirs is not a conclusive determination that the purpose of the reconnoissance was related to the distribution of Harvey's estate at his death. Indeed, the findings of the trial court clearly establish that the overriding objective of the order was to enable the conservator to contact relatives of Harvey so that they could render advice regarding his future care. In approving petitioner's final account, it was found that Harvey's life expectancy was unknown at the time the order was made, that there was a serious question as to whether brain surgery should be performed, that petitioner believed that this decision and other comparable responsibilities should rest upon the next of kin, then unknown, and that it was in the best interest of Harvey's person and estate that his heirs be located so that they could decide matters relating to his future care. As we have seen, section 1860 gives the court power to "authorize and instruct the conservator or approve and confirm his acts in the management . . . of the conservatorship property . . . or in the care . . . and protection of the conservatee." The order of September 16, when viewed in the light of the court's findings, was within its powers under this provision.

The administrator next maintains that even if the court had jurisdiction to make the order in question, there was no evidence to justify its issuance. Petitioner counters with the assertion that the court's order is res judicata.

Section 2101 of the Probate Code provides that, with an exception not relevant here, an appeal may be taken from any order authorized by the statutes relating to conservatorships. Section 2103 of the same code recites that "Any judgment, order or decree of court made pursuant to the provisions of this division, unless reversed on appeal taken under preceding Section 2101, shall be final and shall release the conservator and his sureties from all claims of the conservatee and of any persons affected thereby based upon any act directly authorized, approved or confirmed in the judgment, order or decree. This release shall not operate in favor of a conservator or a surety where the order was obtained by fraud, conspiracy or misrepresentation as to any material fact contained therein or in the petition for same."

■ The Legislature has determined by enacting these sections that whenever an order of a court in conservatorship proceedings has become final, the conservator is released from liability for actions authorized or approved by the order unless he obtained the order by fraud, conspiracy, or misrepresentation of a material fact. Such a release of the conservator applies to the conservatee himself and to "any persons affected"; a fortiori it is applicable to the administrator of his estate.

It is urged, however, that section 2103 of the Probate Code is not apropos in the present case because no claims are being made here against the petitioner-conservator, the only matter in issue being whether the attorney should be paid certain fees and expenses. There is no valid reason to hold that the conservator's agent, the attorney, stands in a different posture than the conservator herself with regard to the protection afforded by section 2103. It would be anomalous to hold that if petitioner had personally made the journey to Scotland, she would be entitled to compensation but that this right was extinguished because she engaged to act as her agent one better qualified to undertake the mission. Here the petitioner acted with commendable caution; she did not make a commitment on her own initiative, but requested instructions of the court prior to incurring any expenses. ■ To hold personally liable the attorney who acted as her agent in carrying out the precise task authorized by order of the court would be contrary to the intent of section 2103.

■ Since under the provisions of sections 2101 and 2103 of the Probate Code the only grounds upon which a final order in conservatorship proceedings may be attacked are fraud, conspiracy, or misrepresentation by the conservator or a surety, the administrator may not rely upon cases holding that a party in a probate proceeding may attack upon the merits an ex parte

order which he was not in a position to challenge before it became final. (E.g., *Estate of Baker* (1915) 170 Cal. 578, 582-583 [150 P. 989]; cf. *Estate of La Motta* (1970) 7 Cal.App.3d 960, 966-967 [86 Cal.Rptr. 880].)[2]

■ Under the circumstances the September 16 order is res judicata. Therefore we do not reach the contention of the administrator that the court abused its discretion in originally issuing the order.

■ The order denying the motion to vacate is not appealable (*Estate of O'Dea* (1940) 15 Cal.2d 637, 638 [104 P.2d 368]) and the appeal is dismissed. In other respects the judgment of the trial court is affirmed.

Wright, C. J., McComb, J., Peters, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.

---

[2]We note parenthetically that the administrator could have challenged the September 16 order prior to its finality. He was appointed on September 30, in ample time to file a notice of appeal from the order. Even absent this circumstance, however, the administrator would be barred for the reasons set forth herein.