[No. B040623. Second Dist., Div. Four. Nov. 21, 1989.]

JIMMIE JOHNSON, Plaintiff and Appellant, v.
GEORGE TATE, as Trustor, etc., Defendant and Respondent.

**COUNSEL**

Turner & Schofield and Mark H. Boykin for Plaintiff and Appellant.

Seyfarth, Shaw, Fairweather & Geraldson, Robert Gore Rifkind and Stephen A. Bauman for Defendant and Respondent.

**OPINION**

**GOERTZEN, J.**—Jimmie Johnson appeals from an order dismissing his petition filed under Probate Code section 17200. The dismissal order was entered on January 6, 1989. We treat the order as a judgment that is appealable pursuant to Probate Code section 17207.

### FACTUAL BACKGROUND

Vincent Miranda and George Tate (respondent herein) each created "Living Trusts" on January 28, 1983. Each trust was identical in its provi-

sions, except as to the names of the distributees in the event of death. The Miranda trust provides that upon his death, the property in his trust shall be distributed "to his good friend and business partner, . . . George Tate." It further provides that if George Tate has not survived Trustor Miranda, the property in the trust shall distribute to "the Trustor's business associate, Jimmie Johnson."

The Tate trust provides that upon his death, the property in his trust shall be distributed "to his good friend and business partner, Vincent Miranda." It also provides that if Miranda has not survived Trustor Tate, the property in the trust shall distribute to the "Trustor's business associate, Jimmie Johnson."

Each of the trusts provided that the trustor, during his lifetime, could "alter or amend any provision" of the trust or could "revoke" the trust.

Miranda died on June 2, 1985. The corpus of the Miranda trust was distributed to respondent Tate.

On October 6, 1988, appellant Johnson filed a document entitled "Petition Of Beneficiary Jimmie Johnson For Order Determining Nonexistence Of Right To Revoke, Alter, Or Amend Trust Subject To Agreement [Probate Code Section 17200]."

The apparent basis for the motion was difficult to discern from the transcript of the hearing. Appellant does state in his opening brief at page two: "There was in fact an agreement between Miranda and respondent [Tate], both expressed and implied, that the survivor of the two of them would use his power to control the disposition of his own trust so that appellant would receive the entire combined estate of the two men. Within the last year, actions taken by respondent, adverse to the interest of appellant, caused appellant to believe that respondent did not intend to honor the terms of the agreement with Miranda. Appellant thereafter filed this action."

There were no facts set forth in appellant's brief nor was there an offer of proof in the trial court as to when, where, or how this alleged agreement between Miranda and Tate came about. Likewise, there were no facts set forth as to what actions had been taken by respondent Tate that showed he did not intend to honor the alleged agreement.

## DISCUSSION

■ The essence of the trial court's ruling in this case was that the probate court had no jurisdiction to hear such a case. The trial court stated:

"The probate court does not have independent jurisdiction to hear a lawsuit that is of the nature that I perceive this one to be, whether I was right in what I thought the trust said or not, which appears to be a lawsuit seeking to establish that there was an agreement which your client wants to enforce, because that really sounds like—at least one cause of action which I have already stated that comes to my mind is something in the nature of a specific performance action for the performance of whatever this agreement was. [¶] It is only incidental that the agreement relates to the trust. It could relate to the purchase of real property or to anything. So I don't think that the general language, therefore, confers jurisdiction on this court. I think it's just totally the wrong place."

Assuming that there is some evidentiary basis to support the allegation that an agreement not to amend, alter, or revoke their trusts existed between Miranda and respondent Tate and that respondent had evidenced in some manner an intent to amend, alter, or revoke his trust, the trial court was nonetheless correct in finding no jurisdiction to hear such a case by the probate court.

■ The basic jurisdictional rule relating to this case is that " 'while the superior court, sitting in probate, is a court of general jurisdiction, "the proceedings being statutory in their nature, the court has no other powers than those given by statute and such incidental powers as pertain to it and enable the court to exercise the jurisdiction conferred upon it, and can only determine those questions or matters arising in the estate which it is authorized to do." ' " (*McPike* v. *Superior Court* (1934) 220 Cal. 254, 258 [30 P.2d 17]; *Estate of Bissinger* (1964) 60 Cal.2d 756, 764 [36 Cal.Rptr. 450, 388 P.2d 682, 19 A.L.R.3d 506].)

■ Appellant contends that Probate Code section 17200, subdivision (b)(2), authorized his action in the probate court. Probate Code section 17200, in pertinent part, provides: "(a) *Except as provided in Section 15800,* a trustee or beneficiary of a trust may petition the court under this chapter concerning the internal affairs of the trust or to determine the existence of the trust. [¶] (b) Proceedings concerning the internal affairs of a trust include, but are not limited to, proceedings for any of the following purposes: [¶] (1) Determining questions of construction of a trust instrument. [¶] (2) Determining the existence or nonexistence of any immunity, power, privilege, duty, or right." (Italics added.)

Probate Code section 15800 provides: "Except to the extent that the trust instrument otherwise provides . . . , during the time that a trust is revocable and the person holding the power to revoke the trust is competent: [¶]

(a) The person holding the power to revoke, and not the beneficiary, has the rights afforded beneficiaries under this division."

Thus, the plain language of Probate Code section 15800 precludes appellant from bringing his action in the probate court. Appellant is at best a contingent beneficiary seeking to bring an action against the respondent who is competent and holds the power to revoke the trust. Appellant clearly lacks statutory authority to proceed in this manner.

Further support for this obvious construction is found in comments of the California Law Revision Committee which proposed the above Probate Code sections in December 1985. That committee specifically stated with espect to revocable trusts that: "The proposed law limits the rights of beneficiaries of revocable trusts during the time when the trust may be revoked. *Hence, beneficiaries of revocable trusts may not petition the court relating to internal trust affairs.*" (18 Cal. Law Revision Com. Rep. (Dec. 1985) pp. 505, 512, italics added.)

With respect to case law relating to jurisdiction of the probate court, the trial judge expressed awareness of a case that at the time was a "new case" that indicated a lack of jurisdiction. It appears likely that the case was *Estate of Mullins* (1988) 206 Cal.App.3d 924 [255 Cal.Rptr. 430], which appeared December 20, 1988, shortly before the January 6, 1989 trial court proceedings in this case.

In *Estate of Mullins, supra*, 206 Cal.App.3d at pages 928-931, the factual situation was very similar to the instant case. A niece of the decedent's husband sought to impose a constructive trust on the trust estate set up by decedent. The niece's action was predicated on an alleged oral agreement between decedent and decedent's husband.

In the instant case, appellant alleged an "agreement" between Miranda and respondent Tate to leave the entirety of both of their trusts to appellant. Certainly nothing stated in the two trust agreements supports such an allegation. Apparently, appellant relies on evidence of some oral agreement between Miranda and respondent to that effect. As set forth above, there was no offer of proof in that regard. Appellant does rely on the existence of the reciprocal trusts as part of the consideration of the alleged agreement. The petition of appellant did not challenge the validity of the trust agreements of Miranda and respondent.

In *Estate of Mullins, supra*, 206 Cal.App.3d at page 931, the court stated: "The petition, in fact, does not challenge the 1985 will and trust; instead it expressly relies upon the 1983 will only as evidence of a contract. The cause

of action is clearly one to impose a constructive trust. Just as clearly, it makes its contractual claim adversely to the beneficiaries of the trust, and does not seek to affect its internal affairs. We therefore find the probate court correctly ruled in finding it lacked jurisdiction to hear the petition, and affirm its ruling dismissing the petition."

In the instant case, appellant likewise seeks to make a claim adverse to the respondent who was the primary beneficiary of the Miranda trust as Miranda's "good friend and business partner." While appellant here contends he is not seeking a constructive trust, he is certainly making a contractual claim adverse to the true beneficiary of the Miranda trust—respondent Tate. He seeks to prevent respondent from exercising his clear power to alter, amend, or revoke said trust.

Lastly, appellant contends that *Estate of Mullins, supra,* differs from the instant case in that the petitioner in the *Mullins* case was a stranger to the trust, while appellant was a named beneficiary. However, it is clear that appellant is a contingent beneficiary to both the Miranda and Tate trusts, who would only get distribution if either primary beneficiary did not survive the trustor who died first. Both trusts also described appellant as merely their "business associate" without the added words "good friend" with which they described each other. The statutory law and the specific trust wording had the effect of placing appellant in the same category as the petitioner in the *Mullins* case, *supra.*

We do not find that appellant brought his appeal in bad faith or that said appeal is frivolous and accordingly, the request for sanctions is denied.

### DISPOSITION

The order (judgment) is affirmed. Respondents to recover their costs. Respondents' request for sanctions is denied.

Woods (A. M.), P. J., and George, J., concurred.