*Supp. 877
 
 GLEN, J.
 

 Defendant was charged with violating section 33.1541.1 of the San Diego Municipal Code prohibiting any female employee in any on-sale liquor establishment licensed under the Alcoholic Beverage Control Act from drinking, dancing or mingling with any patron of such establishment.
 

 It was specifically charged in the complaint that defendant, a female employee, “did unlawfully mingle with a patron of the Barbett Cafe.”
 

 In sustaining the demurrer the trial court in effect ruled that the ordinance was unconstitutional as being too vague, indefinite and uncertain.
 

 In determining the question of the alleged uncertainty and ambiguity of the word “mingle” one must keep in mind the evil sought to be regulated by the ordinance. No one has an inherent right to engage in the business of the sale of intoxicating liquor. Such business may be entirely prohibited or permitted under close supervision, and the manner and the extent of regulation rests in the sound discretion of the legislative authority.
 

 The obvious purpose of the ordinance under consideration is to prevent female employees from improprieties and immoral acts likely to result from intimate familiarity of the sexes in liquor establishments. It is plain enough that drinking with patrons or dancing with patrons would tend to encourage improprieties and there are, no doubt, many intimate acts of association too numerous to specifically prohibit by statute which would tend to encourage improprieties by female employees and patrons:
 

 Under the broad legislative power females may be, and in some cases are entirely prohibited from working in establishments dispensing intoxicating drinks to patrons.
 
 Crowley
 
 v.
 
 Christensen,
 
 137 U.S. 86 [11 S.Ct. 13, 34 L.Ed. 620] ;
 
 Ex parte Hayes,
 
 98 Cal. 555 [33 P. 337, 20 L.R.A. 701] ;
 
 People
 
 v.
 
 Jemnez,
 
 49 Cal.App.2d Supp. 739 [121 P.2d 543].
 

 The rule that a legislative enactment will be inoperative if the courts cannot give it a definite meaning is especially applicable to criminal cases for the reason that a fair warning should be given in ordinary language of what will be criminal conduct under given circumstances, even though it is not likely that persons will carefully consider the context before violating the statutes. It would be dangerous practice for the Legislature to set out a large enough net to trap all possible offenders and leave it to the courts to say who should be held and who should be set free, Such practice would substitute
 
 *Supp. 878
 
 the courts for the legislative department of government. See
 
 Winters
 
 v.
 
 New York,
 
 333 U.S. 507 [68 S.Ct. 665, 92 L.Ed. 840].
 

 There are numerous rules of construction to guide courts interpreting doubtful language in statutes. See 23 California Jurisprudence, page 719 et seq. Generally, some definite meaning must be given to words used to give them effect and the legislative intent is to be gathered from the whole act rather than from isolated words. Words will, when possible, be given a reasonable but not a strained construction and every statute should be construed with reference to its purpose and the objects intended to be accomplished by it and the evils to be cured. If words are given their ordinary popular significance and are reasonably free from ambiguity and uncertainty the courts need not look further. Words used in a statute should receive sensible construction in accordance with their commonly understood meaning. See
 
 People
 
 v.
 
 Pallares,
 
 112 Cal.App.2d Supp. 895 [246 P.2d 173].
 

 Is the word “mingle” as used in the ordinance here under consideration so indefinite and uncertain that it does not advise a female employee what she may or may not do under the statute? We think not. It would be next to impossible for the Legislature to define, with precise nicety, all acts of a waitress in a liquor establishment that may lead to improprieties and tend to encourage the evil sought to be cured by the ordinance. If the word “mingle” is construed in context with other words of the section in which it is found, it is apparent that the ordinance is concerned with improper conduct between patrons and employees and the extent of the. impropriety depends upon the facts in each case. It thus becomes a mixed question of law and fact.
 

 Many dictionary definitions of the word “mingle” may be found.
 

 Funk and Wagnall’s New Standard Dictionary of the English Language, page 1580: II. i.l. To be or become mixed, united, or closely joined; put oneself in familiar relation; intermingle; participate; as, to
 
 mingle
 
 with a crowd or in a dance.
 

 Webster’s New International Dictionary, page 1564: 2. To associate or unite, as things by interspersion or persons by ties of relationship; to join in company. . . ., Intransitive: To become mingled; to mix or blend.
 

 
 *Supp. 879
 
 The Century Dictionary and Cyclopedia, volume VI, page 3774: II.
 
 intrans.
 
 1. To be or become joined, combined, or mixed; enter into combination or intimate relation, as to mingle with society.
 

 A New English Dictionary on Historical Principles, volume VI, pages 468-469: 4.
 
 Intrans.
 
 Of things material and immaterial : to unite or combine in some intimate relation; to join together (or
 
 with
 
 another); to mix, blend.
 

 5. Of a person: To mix or join oneself in any kind of association with
 
 others;
 
 to have intercourse
 
 with;
 
 to move about
 
 among,
 
 or
 
 in
 
 a gathering. Also, to be associated or take part with others
 
 in
 
 some action or combination.
 

 Substituting a precise definition such as above set forth into the ordinance for the word “mingle” would leave no doubt in the mind of an ordinary intelligent person as to the acts prohibited.
 

 Many words of the English language take on different shades of meaning when used under different sets of circumstances. For example, it has been held in
 
 People
 
 v.
 
 Pallares, supra,
 
 that section 647a (1) of the Penal Code is not ambiguous or uncertain in its use of the words “annoys or molests.” The words “annoys or molests” have many different meanings when used out of context and a child may be annoyed or molested in many ways that are not criminal. At page 901, the court says:
 

 “When the words annoy or molest are used in reference to offenses against children, there is a connotation of abnormal sexual motivation on the part of the offender. Although no specific intent is prescribed as an element of this particular offense, a reading of the section as a whole in the light of the evident purpose of this and similar legislation enacted in this state indicates that the acts forbidden are those motivated by an unnatural or abnormal sexual interest or intent with respect to children. It should be noted further that the section must be construed reasonably as setting up an
 
 objective
 
 test for annoyance or molestation;
 
 a childish and wholly unreasonable subjective annoyance, arising, for example, from a child’s dislike for proper correction by a teacher, is not covered by the section.
 
 The annoyance or molestation which is forbidden is in no sense a purely
 
 subjective
 
 state on the part of the child. The objectionable acts of a defendant constitute the annoyance or molestation contemplated by the statute. (See
 
 State
 
 v.
 
 Chaplinsky,
 
 91 N.H. 310 [18 A.2d 754].) ” (Emphasis ours.)
 

 
 *Supp. 880
 
 So it is with the word “mingle.” The objectionable acts of a female employee of a liquor establishment must be considered under all of the circumstances present and with the evil sought to be prohibited in mind. Thus, in each ease it becomes a question for the trier of the fact to determine whether the conduct of the female employee is or is not improper and likely to lead to evil doing between the female and the patron.
 

 The ordinance seeks to prohibit activities of female employees in liquor establishments
 
 other
 
 than those normally, usually and properly associated with that occupation and we think the language used is adequate, unambiguous and understandable in expressing the legislative intent. The demurrer was therefore improperly sustained.
 

 The order is therefore reversed with directions to overrule the demurrer to the complaint and to proceed with the arraignment and trial of the defendant.
 

 Turrentine, P. J., and Burch, J., concurred.