### CITY OF MIAMI v. PENLEY, et al.
Nos. 94720 and 94724.

Municipal Court of Miami.

July 31, 1962.

S. R. Sterbenz, Ass't. City Attorney, for the city.

William W. Charles, Miami, for the defendants.

MILTON A. FRIEDMAN, Judge.

Counsel for defendant Zella Mae Penley has moved to quash the docket on the ground that same fails to state a cause of action and that it fails to charge an offense under the Code of the City

of Miami. The alleged offense is that a female employee in a liquor establishment mingled or fraternized with a customer. Counsel also in his brief alleges that the evidence is insufficient to prove the defendant guilty. The same motions and objections were made in the case of City of Miami v. Diane Ruth Brewer.

II Wharton's Criminal Evidence, section 397, page 144, states that an admission is a statement by the accused, direct or implied, of facts pertinent to the issue and tending, in connection with proof of other facts, to prove his guilt. Such admission is admissible according to said authority. Section 405, page 153, sets forth that when a statement is made in the presence and hearing of an accused, which is incriminating in character, and such statement is not denied, contradicted, or objected to by him, the statement and the fact of his failure to deny, are admissible as evidence of his acquiescence in or admission of its truth.

In the Penley case, Officer Mullin testified that said defendant was seen dancing with a Mr. Hatch; that said Hatch, in her presence, stated he had paid for her company; and she said it was her first night of work. The exhibit listing the employees of the establishment sets forth that this defendant was employed in the establishment on the date of her arrest as a cigarette girl. We thus have an admission by the defendant that she was an employee, and an exhibit indicating that she was employed, and a statement by her male companion in her presence that he was a customer and had paid for her time. There was no testimony that she denied the customer's statements.

The corpus delicti having been established, and in light of the testimony and exhibit, the city has established a prima facie case against said defendant.

In the case of the defendant Diane Ruth Brewer, the same law would be applicable. Officer Mullin testified that this defendant advised him that she was an employee of the establishment, and Officer Palmer testified that she danced with a male. Mr. Griffin, said male, according to the officer's testimony, stated in the presence of this defendant that he was a customer. The exhibit as to employment indicated that she was listed as a dancing instructor on the date of arrest, but on the following week she was listed as a barmaid in the same establishment. No license was exhibited for the operation of a dancing school or studio. The license which was stipulated to indicated an establishment where intoxicating beverages were sold. Officer Palmer also testified that he had stood two feet from where this defendant and her male companion sat and that it was so dark that he could not see them. It is this court's opinion that both defendants mingled

and fraternized with customers where they were employed, in an establishment selling intoxicating beverages, in violation of the ordinance provisions.

The dictionary defines "mingle" as "to associate or mix in company; to take part with others", and to "fraternize" is defined as "to associate with in a friendly way". Certainly for a girl to be dancing with a boy would be associating in a friendly way.

In City of Miami v. Kayfetz, 92 So.2d 798, the Florida Supreme Court stated —

"There can be no question that the City of Miami, under its police power, has the right to enact reasonable regulations concerning the sale of alcoholic beverages, as well as other acts in the conduct of such business which do not directly pertain to the sale thereof."

And citing the case of State, ex rel. Skillman v. City of Miami, 134 So. 541 —

"If reasonable argument exists on the question of whether an ordinance is arbitrary or unreasonable, the legislative will must prevail."

The court further observed that the legislative body of the City of Miami found that the practice of having B-Girls, female employees and female entertainers mingle and fraternize with the patrons of establishments selling alcoholic beverages, to solicit the purchase of such beverages by such patrons, is a practice which adversely affects the morals of the citizens of that community and its visitors and is harmful to the general welfare of the community.

In City of Tacoma v. Keisel, 124 Pac. 137, 40 L.R.A., N.S. 757, it was held that a licensee had no inherent right to have his patrons treat one another by one buying the alcoholic drink for another, and that an ordinance prohibiting the practice of treating did not deprive the licensee of property without due process of law.

In the case of In re Tahiti Bar, Inc., 150 Atl. 2d 112, the court upheld the constitutionality of an alcoholic beverage control regulation and sought to prevent for any purpose whatsoever contact or association by entertainers with the patrons of an alcoholic beverage dispensing establishment. Counsel for the employees in that case contended that the regulation was too broad in its scope in that it prevented entertainers from discussing innocent topics over a drink with their husbands, wives, agents or friends — but the court found there was no invalidity on that ground.

In People v. King, 252 P.2d 78, the California Appellate Court upheld a municipal ordinance prohibiting female employees in an on-sale liquor establishment from drinking, dancing or mingling with patrons. Our Supreme Court, in the Kayfetz case, supra, approved the finding of the court in the King case. The court further held that the obvious purpose of the ordinance under consideration was to prevent female employees from improprieties and immoral acts likely to result from intimate familiarity of the sexes in liquor establishments. "It is plain enough that drinking with patrons or dancing with patrons would tend to encourage improprieties and there are, no doubt, many intimate acts of association too numerous to specifically prohibit by statute which would tend to encourage improprieties by female employees and patrons."

McQuillin on Municipal Ordinances, §186, states that the rule is generally recognized that municipal corporations are prima facie the sole judges respecting the necessity and reasonableness of their ordinances, and the legal presumption is in their favor.

All motions and objections of counsel for the two defendants are denied.