### CITY OF MIAMI v. SPITERI, et al.
Nos. 94721 and 94722.

Municipal Court of Miami.
July 31, 1962.

S. R. Sterbenz, Ass't. City Attorney, for the city.
William W. Charles, Miami, for the defendants.

MILTON A. FRIEDMAN, Judge.

I respectfully refer counsel for defendants to the law cited by me in my findings in the cases of City of Miami v. Diane Ruth Brewer and Zella Mae Penley [21 Fla. Supp. 42].

The facts differ in the following respect. Officer Mullin, in the Spiteri case, testified that a Mr. Tenny stated in the presence of defendant Spiteri that he had paid for her time, and the exhibit of employment indicated she was a dance instructor. Said defendant was not seen dancing with said patron, but just talking to him at a bar where he was drinking.

The same facts were true in the Bedal case. It appears to this court that it would be normal for a girl to violently object if it were true that someone was paying for her time. For what purpose would a man pay for a girl's time in an establishment selling alcoholic beverages? In view of the record of the employment as per the exhibit, that the establishment did not have a license to operate as a dance studio and that the defendant employees were conversing at the bar, the corpus delicti has been established.

This court did comment at the trial that it thought evidence should be shown as to whom the money was paid, but after examining the findings of fact and law in the Kayfetz, King, Tahiti cases, etc., it is apparent that tremendous latitude is accorded cities as to regulations by cities for the alleged good and welfare of the cities, making the cities almost sole arbiters.

Although it may seem harsh to forbid a female employee from merely conversing with a patron, it is apparently the law that a city is empowered to forbid such act, and thus in the cases of Bedal and Spiteri, from the exhibit of employment, the damaging statements by the patrons not denied by the defendants, and the valid ordinance forbidding such mingling and fraternizing, I find that the city has made a prima facie case against both defendants, and all objections and motions of counsel for the defendants are denied.