## CITY OF MIAMI v. JEFFERS.
No. 94719.

Municipal Court of Miami.

July 31, 1962.

S. R. Sterbenz, Ass't. City Attorney, for the city.

William W. Charles, Miami, for the defendants.

MILTON A. FRIEDMAN, Judge.

I refer counsel for defendant to all of the law and my findings in the case of City of Miami v. Diane Ruth Brewer and Zella Mae Penley [21 Fla. Supp. 42].

In this case of the City of Miami v. Carol Jeffers, the corpus delicti has been proven by the testimony of Officer Colgan, who stated that he saw the defendant dancing with a customer named Levy, and also saw her seated at the bar with said customer; that the customer stated, in the presence of the defendant, that he had purchased one-half hour of her time, which was not denied by the defendant; and that the defendant stated she was an employee. It appears to this court that the statement of the customer or patron that he had purchased her time was sufficiently serious for the defendant to have objected if such statement were untrue.

Counsel referred to the fact that the defendant was listed as a dancing instructor and was pursuing this endeavor. However, no license was exhibited for this establishment as a dancing school or studio.

In light of the law referred to in my decision in the Brewer and Penley cases and the facts in this case which conform thereto, all motions and objections by counsel for defendant are denied. This court finds that the City of Miami has made a prima facie case of guilt on the part of this defendant in mingling or fraternizing with a customer while employed in an establishment selling alcoholic beverages.