[Crim. No. 14417.   Second Dist., Div. One.   Mar. 4, 1968.]

THE PEOPLE, Plaintiff and Appellant, v. MICHAEL ROBERT AGNELLO, Defendant and Respondent.

Roger Arnebergh, City Attorney, and Richard G. Kolostian, Deputy City Attorney, for Plaintiff and Appellant.

James K. Perry for Defendant and Respondent.

McCOY, J. pro tem.*—In March 1967 the People filed a complaint in the Municipal Court for the Los Angeles Judicial District, charging defendant in count I with a violation of section 415 of the Penal Code (disturbing the peace), and in count II with a violation of section 602.7 of the Penal Code. Both offenses were allegedly committed on March 10, 1967. Defendant demurred to count II of the complaint on the ground that section 602.7 of the Penal Code is unconstitutional. The court sustained the demurrer and dismissed count II of the complaint. The People appealed from the judgment of dismissal.

The appellate department of the superior court reversed the judgment and remanded the cause for further proceedings, and thereupon certified the appeal to this court pursuant to

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

rule 63 of the California Rules of Court. We accepted the transfer in order to settle an important question of law.

We have concluded that section 602.7 of the Penal Code is constitutional for the reasons stated in the opinion prepared for the appellate department by Judge Aiso, in which Judges Meyer and Whyte concurred. We adopt the following portions of that opinion as our own, omitting only those portions which we do not believe to be necessary to the decision.

"We are asked to determine whether Penal Code § 602.7 is void for vagueness upon its face. § 602.7 provides: '(a) In any case in which a person who is not a student or officer or employee of a state college or state university, and who is not required by his employment to be on the campus or any other facility owned, operated or controlled by the governing board of any such state college or state university, enters such campus or facility, and it reasonably appears to the chief administrative officer of such campus or facility or to an officer or employee designated by him to maintain order on such campus or facility that such person is committing any act likely to interfere with the peaceful conduct of the activities of such campus or facility or has entered such campus or facility for the purpose of committing any such act, the chief administrative officer or officer or employee designated by him to maintain order on such campus or facility may direct such person to leave such campus or facility, and if such person fails to do so, he is guilty of a misdemeanor.

"'(b) As used in this section:

"'(1) "State university" means the University of California, and includes any affiliated institution thereof and any campus or facility owned, operated or controlled by the Regents of the University of California.

"'(2) "State college" means any California state college administered by the Trustees of the California State Colleges.

"'(3) "Chief administrative officer" means the president of a state college or the officer designated by the Regents of the University of California or pursuant to authority granted by the Regents of the University of California to administer and be the officer in charge of a campus or other facility owned, operated or controlled by the Regents of the University of California.'

"Having concluded that the claim of ambiguity or vagueness on the face of the statute lacks merit, we hold the section to be constitutionally immune from such attack.

"In Count II of a misdemeanor complaint, defendant (respondent) Michael Robert Agnello was accused, in the

language of the statute, with a violation of § 602.7, on or about March 10, 1967, in the City of Los Angeles. Demurrer to the complaint was interposed claiming that § 602.7 deprived defendant of his rights under the 14th Amendment of the United States Constitution in that it violated: (1) the due process clause because of vagueness, (2) the equal protection clause because of an improper classification, and (3) his First Amendment right of free speech as incorporated by the Fourteenth Amendment.[1] The trial court sustained the demurrer without leave to amend and ordered Count II dismissed, being 'of the opinion that Section 602.7 is very vague and indefinite and . . . unconstitutional.'

"The People have appealed from this order of dismissal made prior to trial and at defendant's request. It is properly here. (Penal Code § 1466, subd. 1 (a) ; *People* v. *Finch* (1953) 119 Cal.App.2d Supp. 892, 899 [258 P.2d 1124.] ▆ Appeal from a final order dismissing only one count of a criminal complaint is proper even though there may be another count pending trial. (*People* v. *Saffell* (1946) 74 Cal.App.2d Supp. 967, 971 [168 P.2d 497].)

"Defendant more specifically contends: (1) the phrases 'any act', 'likely to interfere', and 'peaceful conduct' are vague and ambiguous, especially when combined with 'reasonably appears'; (2) the word 'student' has not been used with adequate specificity; and (3) the phrase 'reasonably appears' is a subjective standard which permits arbitrary action.

"Our present concern is with the meaning of these words and phrases as they appear on the face of the statute; no application of the statute to any actual set of facts is before us.

"The adequacy in terms of certainty of regulations governing nonstudent use of public educational facilities was considered in *American Civil Liberties Union* v. *Board of Education* (1963) 59 Cal.2d 203 [28 Cal.Rptr. 700, 379 P.2d 4]. A unanimous court rejected a claim of vagueness. ▆ Speaking through Justice Peters, at page 218, it said, ' ' "Reasonable certainty is all that is required. A statute will not be held

---

"[1]The demurrer claims unconstitutionality of § 602.7 'on its face and' as construed and applied by the complaint herein', but as stated above, the charging allegations are in words of the statutory language. Violations of Art. I, §§ 9, 11, 13 and 21 of the Cal. Const. are also mentioned; but not further pursued in defendant's 'Memorandum of Points and Authorities in Support of Demurrer' setting forth citations pertinent to the federal constitutional provision only."

void for uncertainty if any reasonable and practical construction can be given its language.'' . . . It will be upheld if its terms may be made reasonably certain by reference to other definable sources.'

''Even in the First Amendment area, the United States Supreme Court held the following test applicable in *Roth* v. *United States* (1957) 354 U.S. 476, 491-492 [1 L.Ed.2d 1498, 1510-1511, 77 S.Ct. 1304] : '. . . [L]ack of precision is not itself offensive to the requirements of due process. ''. . . [T]he Constitution does not require impossible standards''; all that is required is that the language ''conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices . . .'' . . . ''That there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is no sufficient reason to hold the language too ambiguous to define a criminal offense . . .''

■ ''The words 'any act' have a history as old as the common law itself. They are of everyday usage in the criminal jurisprudence of both this State and Nation. Absent an issue of marginal application, further elaboration is superfluous. (*People* v. *Victor* (1965) 62 Cal.2d 280, 298 [42 Cal.Rptr. 199, 398 P.2d 391] ; *In re De La O* (1963) 59 Cal.2d 128, 153 [28 Cal.Rptr. 489, 378 P.2d 793, 98 A.L.R.2d 705] ; *Lorenson* v. *Superior Court* (1950) 35 Cal.2d 49, 60 [216 P.2d 859].)

■ ''A reading of the section as a whole fairly imports that the word 'student' means a student of the particular institution whose campus or facility is involved. (Penal Code § 7, subd. 16; *Mazza* v. *Austin* (1938) 25 Cal.App.2d 85, 87-88 [76 P.2d 533] ; *People* v. *King* (1952) 115 Cal.App.2d Supp. 875, 878 [252 P.2d 78].)

■ ''The word 'likely' is also no stranger to our criminal law. (See, e.g., Penal Code § 245 [assault by means of a force 'likely' to produce great bodily injury] ; *People* v. *Fuqua* (1881) 58 Cal. 245, 247 [deadly weapon : one 'likely' to produce death or great bodily injury].) Moreover, it has been judicially construed as meaning at least 'probable' (*Nevis* v. *Pacific Gas & Electric Co.* (1954) 43 Cal.2d 626, 632 [275 P.2d 761] ; *Hoy* v. *Tornich* (1926) 199 Cal. 545, 554 [250 P. 565] ; *Horning* v. *Gerlach* (1934) 139 Cal.App. 470, 473 [34 P.2d 504] ), if not a word conveying even a stronger meaning than 'probable'. In *People* v. *Nowell* (1941) 45 Cal.App.2d Supp. 811, 814 [114 P.2d 81], it is stated, ' ''Likely,'' it appears, is the stronger word ; the chances are a bit greater if a thing is likely than if it is merely probable'. 'Probable' in

the context of 'probable cause' has been repeatedly defined especially of late in connection with arrests and searches and seizures.

■ ''The word 'interfere' is a word of 'well recognized, defined meaning. . . .' (*Haggerty* v. *Associated Farmers of Calif.* (1955) 44 Cal.2d 60, 71 [279 P.2d 734] [construed in conjunction with picketing].) It imports to 'disarrange', 'disturb', or 'hinder'. (*Conger* v. *Italian Vineyard Co.* (1921) 186 Cal. 404, 407 [199 P. 503].) Both legislatively and judicially, it is used with frequence. (See, e.g., Pen. Code, § 602, subd. (j); Agr. Code, § 997; *People* v. *Poe* (1965) 236 Cal. App.2d Supp. 928, 937 [47 Cal.Rptr. 670].)

■ ''The words 'peaceful conduct' here employed in conjunction with 'activities of such campus or facility' are commonly understood words. They should present no ambiguity to the average person. ■ 'Words used in a statute should receive sensible construction in accordance with their commonly understood meaning.' (*People* v. *King* (1952) *supra,* 115 Cal.App.2d Supp. 875, 878, cert. den. 345 U.S. 396 [97 L.Ed. 1392]; accord: *In re Davis* (1936) 18 Cal.App.2d 291, 296, 63 P.2d 853]; *Great Western etc., Inc.* v. *J. A. Wathen D. Co.* (1937) 10 Cal.2d 442, 446 [74 P.2d 745].) ■ 'The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding.' (*Smith* v. *Peterson* (1955) 131 Cal.App.2d 241, 246 [280 P.2d 522, 49 A.L.R.2d 1194].) '. . . ■ [C]ourts will not give strained meanings to legislative language, torturing that which is clear (or can be made clear by common sense interpretation) into opacity through a process of imaginative hypothesizing. To do so would be to rule that all criminal statutes must be written by linguistic purists.' (*People* v. *Buese* (1963) 220 Cal.App.2d 802, 806 [34 Cal.Rptr. 102].)

■ ''Finally, contrary to defendant's contention that the words 'reasonably appears' permit undelimited subjective appraisals, these are the very words that infuse into this statute the objective standard of a reasonable man having to have 'reasonable cause to believe' that an act interfering with the peaceful conduct of the institution's activities is being committed.

'' 'Reasonable appearance' is a well developed doctrine in our criminal law, especially in the area of self-defense, where apparent danger of imminent violence must be quickly weighed and evaluated. (See, e.g., *People* v. *Turner* (1948) 86

Cal.App.2d 791, 799 [195 P.2d 809]; *People* v. *Toledo* (1948) 85 Cal.App.2d 577, 580 [193 P.2d 953]; *People* v. *Keys* (1944) 62 Cal.App.2d 903, 903, 916 [145 P.2d 589].) The criterion is not what subjectively appears reasonable to the actor whose decision is in question, but what would appear to a reasonable man in the actor's situation to be reasonable. The phrase 'reasonably appears' is therefore equivalent to requiring a 'reasonable cause to believe' (*People* v. *Chambers* (1937) 22 Cal.App.2d 687, 704 [72 P.2d 746]), which is the same standard as that prescribed in Penal Code § 833 (peace officer's search for dangerous weapons), Penal Code § 835a (peace officer's use of force to effect arrest), and Penal Code § 836 · (required basis for arrest). Therefore, protection against ouster upon the personal whim or arbitrary judgment of a chief administrator or officer or agent charged with maintenance of order on a campus or facility is provided.

"In summary, § 602.7 is a statute which draws upon breach of the peace and trespass concepts, but the gravamen of the offense is conduct—refusal to obey a direction of a chief administrator[2] or an officer or employee of a state university or college charged with maintaining order on his campus and in its facilities, when there is reasonable and probable cause to believe acts of the person directed to leave are interfering with the peaceful conduct of the activities for which the institution is dedicated or that such person came onto the campus or facility for the purpose of committing such act of interference,[3] and when the person directed to leave is not a student, officer, or employee of that institution and furthermore whose employment does not require him to be on such campus or facility.

"We perceive no constitutional infirmity for uncertainty in this statute which thus punishes a refusal to move upon an order by one authorized to so order in the limited circumstances prescribed in § 602.7 (*Cox* v. *Louisiana* (1965) 379 U.S. 536, 551 [13 L.Ed.2d 471, 482, 85 S.Ct. 453]), where the act is likely to interfere with public property (*In re Bacon* (1966) 240 Cal.App.2d 34, 46-47 [49 Cal.Rptr. 322]) being used for the purposes for which it was dedicated (*Adderley* v. *Florida* (1966) 385 U.S. 39 [17 L.Ed.2d 149, 87 S.Ct. 242]). It does not require 'the doing of an act in terms

"[2]For other statutes punishing refusal to leave a specified area, see, e.g., Penal Code §§ 602, subds. (n) (2) and (o), 409, 409.5, 416, and recently enacted 602.9 (Laws of 1967, Chapt. 1161)."

"[3]Cf. Penal Code, § 602, subd. (j); *People* v. *Poe* (1965) *supra*, 236 Cal.App.2d Supp. 928, 937."

so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application' (*People v. McCaughan* (1957) 49 Cal.2d 409, 414 [317 P.2d 974] and cases there cited).''

The order dismissing count II of the complaint is reversed and the cause is remanded to the trial court for further proceedings.

Wood, P. J., and Lillie, J., concurred.