[Civ. No. 19593. Third Dist. Oct. 30, 1980.]

RIVER TRAILS RANCH CO., LTD., Petitioner, v.
THE SUPERIOR COURT OF MODOC COUNTY, Respondent;
FLOYD E. CRITES et al., Real Parties in Interest.

[Civ. No. 19594. Third Dist. Oct. 30, 1980.]

STONE COAL VALLEY RANCH, Petitioner, v.
THE SUPERIOR COURT OF MODOC COUNTY, Respondent;
FLOYD E. CRITES et al., Real Parties in Interest.

## Counsel

Norman & Eames and James K. Norman for Petitioners.

No appearance for Respondents.

Sorensen & Sorensen, Kurt H. Sorensen and Todd Riger Fujinaga for Real Parties in Interest.

## OPINION

**REGAN, Acting P. J.**—This consolidated case involves identical petitions for writs of prohibition, or in the alternative, writs of mandate (1) ordering the Superior Court of Modoc County to set aside preliminary injunctions against petitioners and (2) directing the trial court to adhere to Code of Civil Procedure sections 529, 1041, 1056 or 1057 in determining the sufficiency of sureties supporting the undertaking required on granting a preliminary injunction pursuant to section 529. The petitions are based on a denial of petitioners' exceptions and objections to the undertaking by a single individual surety.

The relevant facts are simple. Real parties in interest (plaintiffs below) filed identical actions on November 13, 1979, against petitioners (defendants below) for declaratory relief as to the rights and duties of the parties in relation to a contract of sale of real property. The action also prayed for an accounting between the parties, a temporary restraining order, preliminary injunction and permanent injunction restraining defendants from selling the property, either under the power of sale contained in the deed of trust or by foreclosure action. The temporary restraining order was granted and following a hearing on December 3, 1979, a preliminary injunction issued.

On two occasions plaintiffs filed undertakings to which defendants excepted. The exceptions were sustained and the court allowed plaintiffs 10 days to augment their declarations or "post appropriate bond or surety." To plaintiffs' third attempt at filing an appropriate undertaking with sufficient sureties, defendants again excepted. The basis of the exception and objection was "that plaintiff cannot support an undertaking with *one individual* surety. . . ." (Italics added.) At the ensuing hearing for justification of surety, the trial court overruled defendants' exception and objection, and found the surety to be sufficient and ordered it "approved."

The question presented, whether a single individual may stand as surety to the undertaking required as a condition to issuance of a preliminary injunction by section 529 of the Code of Civil Procedure is apparently one of first impression. The pertinent language of section 529 which this court is required to interpret states an undertaking under these circumstances must be accompanied "with sufficient sure-

ties."[1] Defendants contend the word "sureties" is plural and requires two or more individual sureties. We do not agree.

In support of their contention, defendants refer this court to Code of Civil Procedure sections 1041 and 1057 which are general provisions relating to suretyship, asserting the use of the plural word "sureties" in these two sections requires the plural language of section 529 be construed as meaning two or more individual sureties and prohibiting a single individual from meeting the mandate of section 529.

Sections 1041 and 1057 simply prescribe "what the sureties must undertake and what the officer taking the bond must require" in the event a noncorporate surety is furnished. (*Beyerbach* v. *Juno Oil Co.* (1954) 42 Cal.2d 11, 27 [265 P.2d 1].) Section 1041 essentially provides for the technical form to be used for an undertaking with surety. Section 1057 provides for the filing of an affidavit by sureties giving certain information and the procedure to be followed in the case where the surety becomes insufficient. There is no language in either section which explicitly or implicitly requires the plural language "sureties" in section 529 be interpreted as meaning two or more sureties. Also, sections 1041 and 1057, as "general" provisions, are subject to the provisions of the specific sections of the code. (45 Cal.Jur.2d, Statutes, §§ 119, 120, pp. 628, 629.)

Moreover, both sections 1041 and 1057 are subject to the provision of Code of Civil Procedure section 17 which states the "singular number includes the plural and the plural the singular...." The plural "sureties" in sections 1041 and 1057 is simply ascribable to a means for simplifying legislative drafting rather than a substantive numerical restriction. This interpretation is more apparent when it is realized both

---

[1]Section 529 in its entirety provides: "On granting an injunction, the court or judge must require, except when it is granted on the application of the people of the State, a county, a municipal corporation, either spouse against the other in a proceeding for legal separation or dissolution of marriage, or plaintiff in proceedings pursuant to Chapter 4 (commencing with Section 540) of this title, or plaintiff in proceedings pursuant to Section 7020 of the Civil Code, a written undertaking on the part of the applicant, with sufficient sureties, to the effect that he will pay to the party enjoined such damages, not exceeding an amount to be specified, as such party may sustain by reason of the injunction, if the court finally decides that the applicant was not entitled thereto. Within five days after the service of the injunction, the person enjoined may except to the sufficiency of the sureties, and unless within five days thereafter, upon notice of not less than two days to the person enjoined, such sureties, or others in their place, justify before a judge of the court, or the clerk thereof, at a time and place designated in such notice, the order granting the injunction must be dissolved."

sections are applicable to other laws which do specifically require more than one individual surety.[2] To be inclusive of these sections the plural is appropriate. It is thus apparent sections 1041 and 1057 are not of assistance in interpreting the use of the word "sureties" in section 529. Section 17 of the code is also applicable to the use of the plural in section 529 as well. ■ This, then, requires we attempt to discern the intent of the Legislature in passage of this section of the code so as to give effect to it, since the primary and controlling consideration in the construction of statutes is the determination of, and giving effect to, the legislative intent behind them. (45 Cal.Jur.2d, Statutes, § 126, p. 634; *Cal. Toll Bridge Authority* v. *Kuchel* (1952) 40 Cal.2d 43, 53 [251 P.2d 4].) This intent should be gathered from the whole act rather than from isolated parts or words. (45 Cal.Jur.2d, Statutes, § 117, p. 626; *People* v. *King* (1952) 115 Cal.App.2d Supp. 875, 878 [252 P.2d 78].) The obvious intent of section 529 is to protect the defendant against loss or damage by reason of the injunction in case the court finally decides the plaintiff was not entitled to it. (2 Witkin, Cal. Procedure (2d ed. 1970) Provisional Remedies, § 95, p. 1529; 42 Am.Jur.2d, Injunctions, § 315, p. 1114.) We are constrained to interpret the "with sufficient sureties" language of section 529 so as to give effect to this intent. As well, we must attempt to harmonize the intent of section 529 with the intent of the entire chapter to provide the protection to plaintiffs of the remedy of injunction where this is equitable. (45 Cal.Jur.2d, Statutes, §§ 118, 121, pp. 627, 629.)

The Legislature has had readily available to it the option to specifically provide in section 529 for "two or more" individual sureties, as it has done in other statutes (see fn. 2). We cannot assume the Legislature was unaware of this clear, stylized language to accomplish the purpose of dual sureties. Since the enactment of this section in 1872 in the original Code of Civil Procedure, the Legislature has amended it six times.[3]

The intent to provide the protection of an undertaking with surety, taken together with the intent to provide the protection of injunctive relief, is met by the requirement in this statute that the sureties (sure-

---

[2]See, e.g., Code of Civil Procedure sections 489.040, 515.010, 567, 682a and 922.

[3]Enacted 1872; amended Code Amendments 1873-74, chapter 624, section 1; Code Amendments 1880, chapter 64, section 1; Statutes 1907, chapter 272, section 4; Statutes 1931, chapter 140, section 1; Statutes 1933, chapter 744, section 66; Statutes 1979, chapter 795, section 9.

ty) simply be "sufficient." ▮ Sufficient is defined as "Adequate, enough, as much as may be necessary, equal or fit for end proposed, and that which may be necessary to accomplish an object." (See Black's Law Dict. (4th ed. 1968) p. 1601.) ▮ Section 529 requires the trial court on an exception to the sufficiency of sureties to determine whether the proposed surety or sureties is or are in both character and number appropriate and "sufficient" to provide protection for the defendant. Although in many cases what amounts to sufficiency may in fact be two or more individual sureties, we are not constrained by the language of the statute or the clear intent of the Legislature to restrict section 529 to this interpretation. Such a restrictive reading of this section presents the possibility of restricting the availability of the relief of preliminary injunction unnecessarily. A requirement of two or more individual sureties imposed by court fiat in the guise of legislative construction could place certain individuals in the position of being unable to afford "sufficient sureties" or incapable of obtaining the required minimum of two individual sureties.

We conclude section 529 of the Code of Civil Procedure does not mandate in every instance multiple sureties. The determination of the sufficiency of sureties under section 529 is within the discretion of the trial court.

The peremptory writ is denied. The alternative writ is discharged. Real parties in interest shall recover their costs. (5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 175, p. 3937.)

Evans, J., and Blease, J., concurred.