DANIEL S. PEARSON, Judge,
dissenting.
I think the petitioners’ attack on the ordinance [4] on the ground of vagueness is unavailing because of City of Miami v. Kayfetz, 92 So.2d 798 (Fla.1957). There the Supreme Court, although avowedly not deciding the validity of a substantially similar mingling and fraternizing ordinance in respect to the actual mingler or fraternizer,[5] did decide that the terms “mingle” and “fraternize” are not vague.[6]
“The words ‘mingle’ and ‘fraternize’ when read in context with the whole of said ordinance have a clear meaning. It is obvious that they mean something more than the ordinary conduct of an employee or entertainer in the performance of duties usually and generally assigned to employees or legitimate entertainers in such establishments. See People v. King, 1952, 115 Cal.App.2d Supp. 875, 252 P.2d 78, for a discussion of the meaning of the word ‘mingle’ in a similar ordinance.” 92 So.2d at 802 (emphasis supplied).
This narrowing construction of the words “mingle” and “fraternize,” while, arguendo, avoiding the constitutional difficulty of vagueness, hardly disposes of, and indeed brings into focus, petitioners’ distinct and separate claim that the ordinance, as now authoritatively construed, is overbroad in that it reaches and impinges upon speech and conduct protected by the First and Fourteenth Amendments to the United States Constitution.[7] As the majority *302 notes, a businesslike exchange involving an order placed by a patron for- food or beverage is not the type of mingling and fraternizing prohibited by the ordinance as construed. But the problem here is that all other mingling and fraternizing is prohibited. Thus, within the ambit of the ordinance is, for example, all social intercourse, all political dialogue and all interpersonal association beyond the call of duty. In sum, the ordinance as authoritatively construed in Kayfetz criminalizes any speech and conduct except that engaged in by “an employee or entertainer in the performance of duties usually and generally assigned to employees or legitimate entertainers in such establishment.” Most assuredly, this construction serves to ban speech and conduct which could be said to affect “adversely . . . the morals of the citizens of [Miami] and its visitors, and is harmful to the general welfare of the community.”. City of Miami v. Kayfetz, supra, at 802. But banned along with this evil is that which the government has no right to ban, namely, constitutionally protected speech and conduct.[8]
It is axiomatic that where a legislative enactment is susceptible of application to protected speech or conduct, it is constitutionally overbroad and therefore facially invalid. Lewis v. New Orleans, 415 U.S. 130, 94 S.Ct. 970, 39 L.Ed.2d 214 (1974); Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972); Coates v. Cincinnati, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971); Brown v. State, 358 So.2d 16 (Fla. 1978); Spears v. State, 337 So.2d 977 (Fla.1976); Sawyer v. Sandstrom, 615 F.2d 311 (5th Cir. 1980). In this case, as in any other where the claim is overbreadth, it is not necessary that the petitioners show that their speech or conduct could not be regulated by a legislative enactment drawn or construed with the requisite narrow specificity. Gooding v. Wilson, supra. The petitioners are permitted to raise the unconstitutional overbreadth as applied to others, since the vice of legislation which is susceptible of application to constitutionally protected speech or conduct is that
“... persons whose expression is constitutionally protected may well refrain from exercising their rights for fear of criminal sanctions provided by a [law] susceptible of application to protected expression.” Gooding v. Wilson, supra, 405 U.S. at 521, 92 S.Ct. at 1105, 31 L.Ed.2d at 413.
In other words, if the ordinance would be unconstitutionally overbroad as applied to anybody, the petitioners, no matter what they did, cannot be punished under it. Spears v. State, supra.
“The details of the offense could no more serve to validate [the] ordinance than could the details of an offense charged under an ordinance suspending unconditionally the right of assembly and free speech.” Coates v. Cincinnati, supra, 402 U.S. at 616, 91 S.Ct. at 1689, 29 L.Ed.2d at 219.[9]
*303 The separation of legitimate from illegitimate speech and conduct “calls for more sensitive tools than [Kayfetz] has supplied,” see Gooding v. Wilson, supra, 405 U.S. at 528, 92 S.Ct. at 1109. Based upon the Kay-fetz authoritative construction, I think we have no choice but to hold that the ordinance in question is unconstitutionally over-broad, to grant certiorari, and to quash the decision of the Circuit Court which affirmed the petitioners’ convictions for mingling and fraternizing.

. The petitioner Pryor was also convicted of violating Section 3-11 of the City of Miami Code, which prohibits an employee in a place dispensing alcoholic beverages from being served beverages paid for by a customer or patron. I would deny certiorari in respect to her challenge to the constitutionality of this ordinance, since I believe this challenge to be foreclosed by City of Miami v. Jiminez, 130 So.2d 109 (Fla. 3d DCA 1961) (holding constitutional a similar predecessor ordinance). Moreover, I do not believe any constitutional right of Pryor is implicated by an ordinance which precludes her from drinking beverages bought by patrons or customers in her place of employment.

. Kayfetz rejected an attack by the licensee of the establishment where alcoholic beverages are sold. The court’s holding was that in respect to the licensee, who had no constitutional right to have his employees or entertainers mingle or fraternize beyond ordinary conduct in the performance of their duties, the ordinance was constitutional.

. I do not share the majority’s view “that the ordinance in question adequately apprises an employee of an alcoholic beverage establishment of the proscribed conduct.” However, I am bound to follow Kayfetz’s conclusion that the ordinance as there narrowed by the court is . not vague. Were it not for Kayfetz, the vagueness challenge could not so easily be dismissed.

. What the majority totally overlooks when it says “that the ordinance in question adequately apprises an employee of an alcoholic beverage establishment of the proscribed conduct” is that while that may meet the objection on vagueness grounds, it does not come close to addressing the objection that included within proscribed conduct is constitutionally protected speech and conduct. Vagueness and over- *302 breadth are not the same things. See, e.g., Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972); Sawyer v. Sandstrom, 615 F.2d 311, 315 (5th Cir. 1980) (“The objectionable quality of overbreadth .. . does not depend upon absence of fair notice to a criminally accused.... ”).

. While the broad power of the states to regulate the sale of liquors conferred by the Twenty-First Amendment may outweigh any First Amendment interest in acts of gross sexuality, California v. La Rue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972); compare Doran v. Salem Inn, Inc., 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975), or even topless dancing in establishments licensed by the state to serve liquor, New York State Liquor Authority v. Bellanca, 452 U.S. 714, 101 S.Ct. 2599, 69 L.Ed.2d 357 (1981), I do not think anyone would suggest that in the name of the Twenty-First Amendment, “a state may ban any protected activity on such premises, no matter how innocuous or, more importantly, how clearly protected,” New York State Liquor Authority v. Bellanca, supra, 452 U.S. at 719, 101 S.Ct. at 2602, 69 L.Ed.2d at 362 (Stevens, J., dissenting).

. Even if we accepted the suggestion, see Coates v. Cincinnati, supra (White, J., dissenting) that we look to the conduct actually involved, the total proof in the present case was that the petitioners were observed engaging in conversations of varying lengths (from 1 to 22 minutes) with patrons. None of the conversations were overheard. If the content of the imagined conversations was the solicitation of drinks from patrons, then the petitioners could *303 have been charged and convicted under Section 3 13 of the City of Miami Code, a separate ordinance which expressly prohibits this solicitation. Ironically, it could be argued that such activity does not violate Section 3-12 as narrowed by Kayfetz, since soliciting drinks, while otherwise condemned, might be considered activity “in the performance of duties usually and generally assigned to employees.” The very existence of Section 3-11, see n. 4, supra, and Section 3-13, each of which prohibits certain unprotected speech and conduct, illustrates the catchall nature of Section 3-12, the problem with which is that it catches too much.